# Southern Ry. Co. *v.* Douglass.

*Action against Railway Company to Recover Damages for Personal Injuries*

[Decided Feb 9, 1905.]

1. *Action Against Railroad Company; Sufficiency of Complaint.*
In an action against a railroad company to recover damages for personl injury, a count of the complaint which, after alleging that the defendant operated a railroad, etc., then avers that "the defendant through and by its agents and servants negligently and carelessly ran an engine and train of cars against plaintiff, thereby cutting off his foot" and otherwise injuring him, states a good cause of action.

2. *Action Against Railroad Company for Negligence; Admissibility of Evidence.*—In an action against a railroad company to recover damages for personal injuries, where the negligence complained of is averred in general terms, the plaintiff is not confined in the introduction of the evidence to any one particular act.

3. *Same; Same.*—In an action against a railroad company to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, where the failure to ring the bell of the engine at the time of the accident is one of the issues involved, and one of the witnesses testified that at the time of the accident he was at work in a planing mill about 40 feet from the railroad track and did not hear the bell of the engine ring, and upon cross examination the witness testified that there was a great deal of noise going on around him, it is competent upon the redirect examination of such witness to testify that prior to the time of the accident, while the machinery of the mill was in operation and making the same noise it did on the day of the accident, he had heard the bell of the passing engine ring.

4. *Same; Same.*—In such a case, where it is shown that the plaintiff was injured while attempting to walk across defendant's track, the fact that the defendant had been running trains of cars by the planing mill for a number of years is not immaterial testimony, it being shown that the conditions and

[Southern Railway Co. v. Douglass.]

surroundings of such place at the time of the accident tended to make a crossing of the track at that place by foot more than ordinarily perilous from passing trains, of which conditions the defendant's servants had knowledge.

5. *Same; Same.*—In such a case, it is competent for the plaintiff to ask the engineer that was in charge of the engine that ran over the plaintiff, if he had not frequently seen cars standing on the side-track which the plaintiff had just crossed before the accident.

6 *Pleading and Practice; Request to Give Written Charges; How Construed.*—Where the bill of exceptions recites that "the defendant requested the court to give the following written charges, numbered 2, 7, 9, 13, 15, 16, 17 and 18, in words and figures as follows," and then sets out the charges; and at the conclusion of them states, "but the court refused to give each of said written charges, and to the refusal to give each of said written charges, the defendant, then and there, in open court, duly, severally and separately excepted," such recital constitutes a request to give all of said written charges in their entirety, and if any one of the charges was erroneous, there was no error in refusing all of them.

7. *Action Against Railroad Company; When Charge Invasive of Province of Jury.*—In an action against a railroad company to recover damages for personal injuries alleged to have been caused by negligence of defendant, where there is evidence tending to show that the accident happened within the town of Riverside, a charge which instructs a jury that "the evidence in this case, if you believe it, fails to show that the accident happened within the town of Riverside," is invasive of the privileges of the jury and is properly refused.

8. *Same; Charge of Court to Jury.*—In such a case, where the negligence complained of was alleged failure of the defendant's servants to blow the whistle or ring the bell in passing through a town at the place of the accident, a charge which, with proper hypothesis, is predicated upon a failure of defendant's servants to blow the whistle or ring the bell while passing through said town, and then concludes as follwose: "and the injury resulted from such failure to blow the whistle or ring the bell, the plaintiff is entitled to recover," is not subject to the objection that it omitted the word "proximately" after the word "injury" and before the word "resulted," in the clause quoted; it appearing that there was no pretense of any intervening cause between the alleged negligence and the resulting injury.

[Southern Railway Co. v. Douglass.]

APPEAL from Birmingham City Court.

Heard before the Hon. CHARLES A. SENN.

This was an action brought by the appellee, Cecil Douglass, by his next friend, against the Southern Railway Company, to recover damages for personal injuries sustained by the plaintiff by being run against by an engine and train of defendant. The second count of the complaint, as amended, was in words and figures as follows:

"The plaintiff, a minor under the age of seven years, claims of the defendant the other and further sum of Twenty Thousand Dollars, damages, for that the defendant operated a railroad from Anniston, Alabama, to Birmingham, Alabama, upon and over which the defendant ran engines and trains of cars propelled by steam, for the transportation of passengers and freight for hire; and on, to-wit; the 8th day of January, 1901, while plaintiff was lawfully attempting to cross the defendant's railroad track within the limits of the town of Riverside, St. Clair county, Alabama, a station on defendant's said railroad, the defendant, through and by its agents and servants, negligently and carelessly ran an engine and train of cars against plaintiff, thereby cutting off his feet, fracturing his skull, and bruising and laceraitng his head, and otherwise bruising and injuring him, by reason of which said injuries and bruises plaintiff was crippled and injured for life, and he has by reason thereof suffered much bodily pain and mental anguish, and will so continue during the rest of his life, and has thereby been rendered less able to work and earn a living, all to his great damage Twenty Thousand Dollars, as aforesaid."

To the second count, as amended, the defendant demurred upon the following grounds: (1.) Said count does not allege the fact constituting the negligence complained of. (2.) Said count does not charge wanton, willful, or intentional negligence. This demurrer was overruled. Upon the trial of the case, the evidence showed that the plaintiff, a boy of about six and a half years of age, was struck by the defendant's engine at or near the village of Riverside, on the mainline track of the de-

fendant, on January 8, 1901, while the plaintiff was in the act of running across the track; that the village of Riverside lay on the north side of the track, consisting of about 150 or 200 people, including men, women and children. The only structure shown by the evidence to be on the south side of the track being the planing-mill and saw-mill of the Lathrop Hatton Lumber Company. Next to the planing-mill, and north of it, were several railroad tracks, the one immediately next to the mill being a side track of the defendant, and 4 or 5 feet from that was a logging track of the Lathrop-Hatton Lumber Company, and about the same distance from the last named track was the main line of the defendant, and next to that, and on the extreme north of it, there was another side track. At the time of the accident, there was a logging engine and some cars on the logging track, which obscured the view of the engineer and train crew of the defendant so that they could not see, and did not discover the plaintiff before he was struck. The plaintiff had come with his brother, older than himself, from the village to see his father, who worked in the planing-mill, and the boys were in the act of returning from the planing-mill to the village when the accident occurred—the older boy, who was not injured, going ahead of the plaintiff and passing over the main line immediately before the accident occurred. The plaintiff from the platform of the planing-mill across the tracks that intervened between the planing-mill and the main line, passed immediately behind the logging train, and just as he stepped from behind this train across the place between the two tracks on to the main line, he was struck. The train was going at a speed variously estimated at from 8 to 15 miles an hour, and was slowing up for the station, 300 or 400 feet or further, west of the place where the accident occurred. The engine stopped at the tank just beyond the station house before it was ascertained by the train crew that the boy had been struck by the train. It was a regularly scheduled train passing there every day about five o'clock in the afternoon. The depot or station house was situated also on the north or village side of the track. A street of the village, known as Riverside Street, came up to the right of way on the north

side, as shown by the map, which is made a part of the record, and stopped there. It was not open or used across the tracks; but there was a plank walkway, which had been built by the planing-mill owners across the track some years before that for the use of vehicles, which plankway was used in going to and from the mill by the employes, and perhaps others. There was some pas-sing across the tracks from the mill to the village side, and *vice versa,* by employes of the mill. The track was straight from the bridge over the river to the place where the accident occurred, a distance of perhaps 400 or 500 feet, and for a distance beyond that in the direction from which the train came, making a distance of a quarter of a mile or more from Riverside station. The engineer was at his post of duty and keeping a lookout ahead, but his view was obstructed by the logging engine and train and by the boiler and machinery of his engine. The fire-man was back on the tank of the engine attending to some necessary duty, but in the fireman's place in the gangway of the engine was the frount brakeman, who was keeping a lookout ahead and did not see the plain-tiff before he was injured. The boy came onto the track from behind the logging train, so close to the advancing engine that, even if seen, no preventive effort at that time would have avoided the injury. The above facts are un-disputed.

The only facts in dispute were, whether or not the whistle was blown or the engine bell rung at short inter-vals while passing from the river bridge to the station, and whether or not the point where the accident occurred could have said to be within the limits of the village, the defendant contending that the village was all on the north side of the track, where the accident occurred, the nearest house being some distance from the track; also as to the exact rate of the speed of the train.

There was evidence in favor of the plaintiff tending to show that the accident occurred in the village of Riv-erside. During the examination of George Garrett, a witness for the defendant, he testified that he was the engineer in charge of the engine at the time that the plaintiff was hurt; that he had been running an engine by the place where the accident occurred for about nine

years; that the plaining-mill had been there fully that length of time; that the side track had been at such place for many years, but that the railroad track had been there only a year or so before the accident. On the cross examination of this witness, the plaintiff asked him the following question: "In passing the town of Riverside, you frequently saw cars and an engine on the railroad track and side track, did you not?" The defendant objected to this question on the ground that it called for incompetent and immaterial testimony. The court overruled the objection, and the defendant excepted. The witness answered, "Yes."

Among the written charges given by the court at the request of the plaintiff, and to the giving of each of which the defendant separately excepted, was the following: "If the jury believe from the evidence that the defendant injured the plaintiff in the town of Riverside as is alleged in the complaint, and that the whistle was not blown, nor the bell rung at intervals or continuously while the defendant's train was passing through the town of Riverside, prior to the time of the accident where the injury occurred, and that the injury resulted from such failure to blow the whistle or ring the bell, the plaintiff is entitled to recover."

The mode of the defendant's excepting to the court's refusal to give the several charges requested by it is shown in the opinion. The ninth charge requested by the defendant was as follows: "The evidence in this case, if you believe it, fails to show that the accident happened within the town of Riverside."

There were verdict and judgment in favor of the plaintiff, assessing the damages at three thousand dollars. The defendant made a motion for a new trial upon the grounds that the verdict was contrary to the law and the evidence, and that the court erred in its rulings upon the charges requested by the plaintiff and the defendant. This motion for a new trial was overruled, and the defendant duly excepted. The defendant appealed, and assigned as error the overruling of its demurrer to the second count of the complaint, as amended, and the several other rulings of the trial court to which exceptions were made.

[Southern Railway Co. v. Douglass.]

JAMES WEATHERLY, for appellant.—"When injury has been shown to have been inflicted, the burden is then shifted onto the railroad company, to repel imputation of negligence, *by proof sufficinct to establish a prima facie case of such diligence.*"—*A. G. S. R. R. Co. v. McAlpin,* 75 Ala. 118.

Neither can it be disputed that even though negligence is shown, the plaintiff cannot recover unless it reasonably appears from the evidence that the negligence complained of proximately caused the injury.—*E. T. V. & G. R. R. Co. v. Bayliss,* 75 Ala. 472 and cases cited; *R. R. Co. v. Hembree,* 85 Ala. 484; *McAlpine case,* 75 Ala. 118; *Hilliker-Krebs, etc. Co. v. B'ham. Rwy. & E. Co.,* 100 Ala. 424, 425, 426, and cases cited on page 426.

SMITH & SMITH, for appellee.—*L. & N. R. R. Co. v. Posey,* Ala. 11 So. Rep. 423; *A. G. S. R. R. Co. v. McAlpine & Co.,* 80 Ala. 73; *Ga. P. R. R. Co. v. Hughes, Ala.* 6 So. Rep. 413; *The Steam Ship Martello v. Wiley,* 153 U. S. 62, 38 (Law Ed.) 637.

DOWDELL, J.—The plaintiff, a minor, by next fried, J. B. Douglass, sues the Southern Railway Company to recover damages for injuries received on account of negligence of defendant's servants or agents in the operation of one of its trains. The complaint contained two counts, both of which were predicated on simple negligence.

A demurrer was interposed by the defendant to the second count as amended, which was overruled by the court. The action of the court in overruling the demurrer is assigned as error, but this assignment is not insisted on in argument. Moreover, the count demurred to stated a good cause of action. No error was committed in overruling the demurrer.

In both counts of the complaint the negligence of defendant's servants in the operation of its train causing the injury, is averred in general terms. Under the state of the pleading, the plaintiff would not be confined in the introduction of his evidence to any one particular negligent act. The failure to ring the bell at the time of the accident was one of the issues involved.

The witness, J. C. Wood, examined on behalf of the plaintiff, testified on direct examination, that he was on the front part of the planing mill, and about forty feet from the railroad track, that he did not hear the whistle blow or the bell ring. It was drawn out on the cross-examination of this witness, by the defendant, that the witness "was busy at work grading lumber, inspecting lumber from the machine as it comes out;" that the planing mill was in operation, and that "there was a great deal of noise going on around" the witness. On redirect examination, plaintiff's counsel asked witness the following question; "Prior to this time while the machinery was going, making the same noise it was on the day of the accident, and you were doing similar work had you ever heard the bell ringing?" The bill of exceptions recites; "To this question the defendant objected as illegal and incompetent." The objection was overruled, to which ruling an exception was reserved, and the witness answered, "Yes sir, I heard it." The theory of the cross-examination was to show that on account of the noise of the plaining mill, etc., the bell might have been ringing at the time and yet the witness not have heard it. The evidence sought to be elicited by the question objected to, was in rebuttal of this theory. The objection as made, whether referred to the question or to the evidence sought to be elicited, was general. Neither question, nor the evidence sought by it, was patently bad. The question hypothesized similar conditions, and if in this respect it did not fully hypothesise the condition, the objection on that account should have been specific No objection was made to the answer of the witness This witness was then asked by plaintiff's counsel; How long had the Southern road been running trains of cars by that planing mill after it was erected there and in operation according to your knowledge." The bill of exceptions recites as follows; "Defendant objected to this question as immaterial," which objection was by the court overruled, and the defendant excepted. The witness answered, "four years that I know of." There was no objection made to the answer, or motion to exclude. At the stage of the trial at which this question was asked, it was competent for the plaintiff to show the locality

of the accident, the then existing conditions and surroundings tending to make the crossing of the track at that place by footmen more than ordinarily perilous from passing trains, and a knowledge of these conditions on the part of the defendant's servants. To this end, the evidence sought to be elicited was material. If for any reason, either in the failure of the proof to show that the surroundings rendered the crossing more than ordinarily perilous, or by subsequent rulings of the court, the evidence becomes immaterial, the defendant could have asked to have the same excluded, and this it failed to do. There was no reversible error committed in overruling the objection on the ground as stated. For like reasons there was no error in overruling the objection to questions asked defendant's witness, George Garrett by plaintiff on the cross-examination of said witness.

On the conclusion of the evidence, and after the court had given several written charges at the instance of the plaintiff, the bill of exceptions recites as follows: "Thereupon the defendant requested the court to give the following written charges, numbered 2, 7, 9, 13, 15, 16, 17 and 18 in words and figures as follows," setting out the charges, and at the conclusion states, "But the court refused to give each of said written charges, and and to the refusal of the court to give each of said written charges, the defendant then and there in open court duly, severally and separately excepted." Under the authority of *Verberg v. State*, 137 Ala. 73, the defendant's request of the court to give said written charges, "must be construed as a request to give them in their entirety." *Yates v. State*, at the present term. So construing the request, if any one of the charges was bad, there was no error in refusing all of them.—*Rarden v. Cunningham*, 136 Ala. 263. Among these charges some were patently bad, but we need to call attention only to charge numbered 9. This charge was clearly an invasion of the province of the jury, as there was evidence which tended to show that the accident happened within the town of Riverside.

The only charge given at the request of the plaintiff, that is insisted on in argument by appellant's counsel as being erroneous, is charge numbered 1. This charge

with proper hypothesis, is predicated upon a failure of the defendant's servants to comply with the statutory requirement as to the blowing of the whistle or ringing the bell while passing through the town of Riverside, and concludes as follows, "and the injury resulted from such failure to blow the whistle or ring the bell," etc. While it is true that the negligence complained of must proximately cause the injury, still the charge in the omission of the word proximately after the word injury, is not thereby rendered vicious.

There is no pretense whatever of any intervening cause between the alleged negligence and the resulting injury, which in the remotest degree even contributed to the injury. In this respect the evidence was without dispute. It was open to the defendant to ask an explanatory charge, if the instruction given called for such.

The only other insistence in argument of error in the giving of this charge, is based on the idea that there was no evidence that the injury was inflicted within the town of Riverside. There was sufficient evidence to afford the inference that the accident occurred in the town, there is therefore, no merit in this contention.

We have carefully considered the evidence, and under the rule laid down in the leading case of *Cobb v. Malone,* 92 Ala. 630, and which has been followed in other cases, we cannot say that the trial court committed error in overruling the motion for a new trial. We fail to find any reversible error in the record, and the judgment must be affirmed.

Affirmed.

McClellan, C. J., Haralson and Denson, JJ., concurring.