(84 South. 784)

BISHOP v. STATE. (1 Div. 331.)

(Court of Appeals of Alabama. Feb. 3, 1920.)

1. CRIMINAL LAW ☞1090(14)—COURT WILL NOT PASS ON REFUSAL OF WRITTEN CHARGES IN ABSENCE OF BILL OF EXCEPTIONS.

In the absence of bill of exceptions, the Court of Appeals will not pass on the trial court's action in refusing written charges requested in writing by defendant.

2. HOMICIDE ☞312—VERDICT SUFFICIENTLY CERTAIN TO SUPPORT CONVICTION OF MANSLAUGHTER.

Verdict finding defendant guilty of manslaughter in the first degree, and fixing the punishment at a term of 18 months, held sufficiently certain to support judgment of conviction pronounced by the court under Code 1907, § 7620.

3. CRIMINAL LAW ☞1218 — SENTENCE TO PENITENTIARY OR TO HARD LABOR FOR COUNTY WHERE JURY FIXED PUNISHMENT AT 18 MONTHS.

Where verdict, finding defendant guilty of manslaughter in the first degree, fixed the term of punishment at 18 months, the court could sentence either to the penitentiary or to hard labor for the county.

4. CRIMINAL LAW ☞286—INSANITY SHOULD HAVE BEEN SPECIALLY PLEADED AGAINST CHARGE OF MURDER.

If defendant, prosecuted for murder, desired to plead insanity, the fact should have been specially pleaded under Code 1907, § 7176.

5. CRIMINAL LAW ☞1144(7)—CONTINUANCE OF INSANITY FOUND MERELY SUSPENDS TRIAL, AND COURT'S ACTION PRESUMED CORRECT.

Question of whether defendant, accused of murder, was sane or insane, as based on the judgment and order of the court finding him insane, only affected the time when he should be placed upon trial, continuance of insanity causing further suspension of trial, but in absence of objection and exception, the appellate court will presume that the trial court satisfied itself that defendant had regained sanity.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Noah Bishop was convicted of manslaughter, and appeals. Affirmed.

The defendant was indicted and tried on an indictment charging murder in the first degree. The defendant being held in confinement under the charge, the trial court, having reasonable ground to doubt the sanity of defendant, suspended the trial and instituted an investigation as to the sanity of defendant under section 7178 of the Code

of 1907. In that proceeding the defendant was adjudged insane, and by the order of the court was committed to the insane hospital. This order was made March 28, 1918. On February 10, 1919, the defendant was arraigned for trial on the indictment to which he pleaded not guilty. The trial proceeded to judgment on the issues thus made, and the defendant was convicted of manslaughter in the first degree and punishment fixed at 18 months. ` On this verdict the court sentenced the defendant to a term of 18 months in the penitentiary, and from this judgment defendant appeals.

Webb, McAlpine & Grove, of Mobile, for appellant.

The judgment and trial were void, as insanity is presumed to continue. 33 Ala. 187; 43 Ala. 350; 89 Ala. 33, 8 South. 28; 1 Ala. 52; 4 Port. 198. Counsel discuss confused charges, but in view of the opinion it is not deemed necessary to here set it out. `

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in trying the defendant. Sections 7175, 7178, Code 1907; 63 Ala. 307. The judgment was proper. Section 7620, Code 1907.

SAMFORD, J. [1] There is no bill of exceptions, and for that reason this court will not pass upon the court's action in refusing written charges requested in writing by the defendant. Wright v. Walker, ante, p. 57, 81 South. 689.

The verdict of the jury was as follows:

"We, the jury, find the defendant guilty of manslaughter in the first degree and fix the punishment for a term of eighteen months."

[2, 3] This verdict is sufficiently certain to support the judgment. The term of punishment being fixed at 18 months, the court could sentence either to the penitentiary or to hard labor for the county. The court pronounces the judgment, and not the jury. Code 1907, § 7620; Robinson v. State, 6 Ala. App. 13, 60 South. 558.

[4] If the defendant desired to avail himself of the defense of insanity, that fact should have been specially pleaded. Code 1907, § 7176. No such plea was interposed. The issue, therefore, was not presented as required by the statutes.

[5] Furthermore, the question of whether the defendant was sane or insane, as based upon the judgment and order of the court of March, 1918, only affected the time when the defendant should be placed upon his trial. If he was still insane, the trial would have been further suspended, but in the absence of objection and exception, this court will presume that the trial court satisfied itself, by proper investigation, that the defendant had regained his sanity.

We find no error in the record, and the judgment is affirmed.

Affirmed.