(105 So. 912)

## PAUL v. STATE. (6 Div. 652.)

(Court of Appeals of Alabama. Aug. 4, 1925. Rehearing Denied Oct. 27, 1925.)

**Larceny ⟶30(8), 32(6)—Indictment held good.**

Count of indictment charging accused with grand larceny, based upon a theft of money from a corporation, *held* good as against objection that it failed to allege ownership of money, and that it did not sufficiently describe the money.

Appeal from Circuit Court, Jefferson County; George Frey, Special Judge.

Harry P. Paul was convicted of grand larceny, and he appeals. Affirmed.

Count 1 of the indictment is as follows:

"The grand jury of said county charge that, before the finding of this indictment, Harry P. Paul feloniously took and carried away from the shop, store, or warehouse of Reid Lawson, Inc., a corporation, in which goods, merchandise, or jewelry, things of value, were kept for use, sale or deposit, $27 of the lawful paper currency of the United States of America, a more particular description of which is to the grand jury unknown, the personal property of Reid Lawson, Inc., a corporation."

Defendant demurred to this count of the indictment upon the grounds that it fails to allege ownership of the said sum of money, and that there is an insufficient allegation as to the description of the money.

Murphy & Hanna and J. L. Drennen, all of Birmingham, for appellant.

In view of the decision, it is not necessary that brief be here set out.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

Counsel argue that the rulings complained of were without error.

RICE, J. The defendant was convicted of the offense of grand larceny, and appeals. Count 1 of the indictment, under which the defendant was convicted, was not subject to any of the objections urged against it.

It would serve no useful purpose to narrate or to discuss the evidence. Numerous exceptions were reserved on the admission or rejection of testimony during the trial; each, though, based on rulings involving no more than elementary principles of law. We are of the opinion that each of the rulings was correct; but, however this may be, it is apparent that no prejudicial harm was done. the defendant, for the very good reason that under his own evidence, while testifying as a witness in his own behalf, he was guilty as charged.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.