(116 So. 503)

## HUNTER v. STATE. (7 Div. 359.)

Court of Appeals of Alabama. April 17, 1928.

A. L. Crumpton, of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter. ·

BRICKEN, P. J. A two-gallon keg of whisky was found by the officers in appellant's cotton field. The evidence disclosed that the keg was buried in a terrace about 150 yards from his house, and that at the time the whisky was found the defendant was not in sight, but was over a hill and above 250 yards from the place picking cotton. Defendant denied all knowledge of the whisky and all connection therewith. A fresh track was near the whisky, and over the objection of defendant the sheriff was allowed to testify that he had the defendant put his foot in the track and that it fit. This was the most incriminating fact in the case, although there was no evidence that the person who made the track hid the keg of whisky in the terrace.

Without discussing the numerous exceptions reserved, we hold that there was error in refusing to the defendant a new trial upon his motion which is properly presented.

The court's instruction to the jury, relative to their duty in weighing evidence of interested witnesses, was not in accord with several decisions of this court, notably Green v. State, 19 Ala. App. 239, 96 So. 651. It is proper for the court to instruct the jury to consider such testimony, together with the other evidence in the case, and in so doing that they may weigh such evidence in the light of any interest a witness may have been shown to have in the result of the trial. The mandatory instruction that the jury *must* or *shall* so weigh such evidence is invasive of their prerogative, for the credence to be given to such evidence should be left to the jury unembarrassed or uninfluenced by direct mandatory instructions from the court.

Several of the refused charges properly stated the law and were applicable to the evidence in this case.

Reversed and remanded.