191 So. 392

**TURNER v. STATE.**

**4 Div. 402.**

Court of Appeals of Alabama.

May 23, 1939.

Rehearing Denied June 30, 1939.

Walters & Walters, of Troy, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

Appellant tried and convicted as charged, upon an indictment for the offense of assault with intent to murder. Specifically, that he unlawfully and with malice aforethought did assault A. G. May with intent to murder him, etc.

The judgment entry discloses that upon arraignment, in answer to the indictment, the defendant interposed his plea of "not guilty." As stated, the trial in the lower court resulted in his conviction, the jury returned the verdict, towit: "We the jury find the defendant guilty as charged." Whereupon, as the law requires, the court pronounced and entered judgment of conviction and fixed the punishment at imprisonment in the penitentiary for not less than four years, nor more than five years. From said judgment of conviction this appeal was taken.

■ In briefs of counsel for appellant, and throughout the trial, as shown by the bill of exceptions, it appears the question of the insanity of the accused was injected into the trial, and here, upon appeal, numerous insistences of error on this question are urged in order to effect a reversal.

Under the statute, and decisions of the appellate courts of this State, we are without authority to consider these questions, as it affirmatively appears from the record, no special plea of not guilty by reason of insanity was interposed upon arraignment, nor at any other period of the trial. Section 4573 of the Code 1923 in this connection provides: "When the defense of insanity is set up in any criminal prosecution it must be by special plea, interposed at the time of arraignment and entered of record upon the docket of the court, which in substance shall be, 'not guilty by reason of insanity.' Such plea shall not preclude the usual plea of the general issue, which shall not, however, put in issue the question of the irresponsibility of the accused by reason of this alleged insanity, this question being triable only under the special plea."

We quote from our case of Pate v. State, 19 Ala.App. 243, 96 So. 649, as follows: "The judgment contained in this record recites that the defendant, in answer to the indictment, 'says he is not guilty.' It not being shown in the judgment entry that a plea of 'not guilty by reason of insanity' was interposed, the questions presented and insisted upon, which relate to the alleged insanity of defendant, cannot be considered, as the law requires this character of defense to be specially pleaded. Code 1907, § 7176. It is true that certain matters contained in the bill of exceptions might indicate that this special plea was interposed, but the recitals in the judgment do not show that such plea was entered, and the judgment itself must govern on this question. If, as a matter of fact, such special plea was made, it was the duty of the appellant to have had this shown in the judgment, before allowing or consenting to a submission of the cause in this court. The statute expressly provides that the plea of general issue, or not guilty, shall not put in issue the question of the irresponsibility of the accused by reason of alleged insanity, as this question is triable only under the special plea."

The foregoing authority is conclusive of this question, the case at bar being identical, on the point, with the Pate case, supra. See, also, Baker v. State, 209 Ala. 142, 145, 95 So. 467; Morrell v. State, 136 Ala. 44, 34 So. 208); Rohn v. State, 186 Ala. 5, 65 So. 42; Walker v. State, 91 Ala. 76, 9 So. 87; Bishop v. State, 17 Ala.App. 343, 84 So. 784); Andrews v. State, 17 Ala.App. 456, 85 So. 840; Parrish v. State, 139 Ala. 16, 36 So. 1012; McGee v. State, 20 Ala.App. 221, 101 So. 321.

From the foregoing and numerous other decisions of like import, unnecessary to designate, it is clear we are not to consider any point of decision bearing upon the mental condition of the accused in this case.

■ Appellant presents numerous other insistences of error. These we have carefully examined and considered, and as

to the exceptions reserved, to the court's rulings upon the admission of testimony, we find no error to justify an order of reversal in this case. We deem it unnecessary to discuss in detail these numerous rulings complained of and refrain from so doing.

Without dispute, the evidence tended to show that this appellant, in close proximity, shot and seriously wounded A. G. May with a shot gun. The State contended, and offered testimony in support thereof, that the assault was wholly unprovoked and without justification and was committed unlawfully and with malice aforethought as charged in the indictment. There was some testimony that the defendant had threatened to get May sooner or later. Said threats were alleged to have been made a short time before the shooting complained of.

Dr. O. N. Edge testified as follows: "I am a regularly licensed practicing physician here in the City of Troy. I know one Mr. A. G. May. I don't remember just when it was, but sometime in the summer I treated him for a gunshot wound in the abdomen. He had a wound made by a shotgun, I think; it came kinder from the left, anyway the shot went in the liver, going from the left to the right, and he had a wound in the liver. Several shot had gone in it. It looked like a pretty good load of bird, or squirrel shot, something like that. He did not make one big hole, the shot were kinder scattered; there were several went into it. As to his condition and what we had to do on him,—we operated on him and packed the liver to stop the bleeding. He was critically injured. He had blood transfusions. I don't remember how many blood transfusions he had, but he was critically ill; he had blood transfusions several times. He stayed in the hospital two or three weeks, I don't remember exactly. I say we had to pack his liver to stop its bleeding. He had several holes in his liver where it was torn, and its tissue is soft, you know, tender, and we had to pack them to stop the bleeding. He was suffering from loss of blood when I first saw him; he was critically injured and ill."

The defendant introduced his brother Tee Turner as a witness, who testified he saw the shooting, but was about 115 or 120 steps away; that he could not hear what was said, but just before his brother fired the shot, he "saw May reach his hand this way (indicating) in his bosom." That was just before the time the shot was fired. This testimony relative to an alleged overt act upon the part of May was offered in support of defendant under self defense.

■■ The court properly submitted the case to the jury. In this connection the court delivered a most excellent oral charge, full, explicit and thoroughly fair to the accused. In addition to said oral charge, the court gave at the request of defendant about twenty special written charges. In the oral charge, and given charges, every pertinent proposition of law raised by the charges refused to defendant, which contained correct statements of the law, were fairly and substantially covered. This being true, the court was under no duty to give said charges.

■ The alleged portion of the argument of Solicitor to which objection was made related, as hereinabove held, to a matter wholly foreign to the issues upon this trial. Such argument was innocuous and therefore without injury to the substantial rights of the defendant. Supreme Court Rule 45.

■ Upon the hearing of the motion for a new trial the defendant merely offered in support thereof the evidence adduced upon the trial of the case. The amendment to the motion was based on grounds in support of which no evidence was offered.

The action of the court in overruling and denying the motion for a new trial was without error. The exception in this connection is not well taken.

Finding no reversible error in any ruling of the court, and the record being regular and without error apparent thereon, the judgment of conviction from which this appeal was taken must be and is affirmed.

Affirmed.

### On Rehearing.

BRICKEN, Presiding Judge.

In the application for rehearing it is stated: "The court specifically stated in its opinion that the court's oral charge covered in substance all of the refused charges, or else, the refused charges were covered fully by the written charges."

This court made no such statement. What the court did say is as follows: "The court properly submitted the case to the jury. In this connection the court delivered a most excellent oral charge, full, explicit and thoroughly fair to the accused.

In addition to said oral charge, the court gave at the request of defendant about twenty special written charges. In the oral charge, and given charges, every pertinent proposition of law raised by the charges refused to defendant, which contained correct statements of the law, were fairly and substantially covered. This being true, the court was under no duty to give said charges."

In connection with the foregoing, counsel for appellant asserts: "How the Court of Appeals can claim this charge (Refused charge B) was covered by the oral charge, or by the given charges, is beyond me." And likewise asserts: "I have read this oral charge six times carefully, considerately, and scrupulously,—if the court will point out one single line, one single letter, one single instance, in that oral charge where this written charge was covered, or remotely covered, or anywhere near covered, I will immediately withdraw this contention and throw up my hands on this brief. It simply is not there and no language that the court might use can make it be there. It is nowhere covered in the given charges directly or indirectly."

If appellant's counsel had been as assiduous in reading, and rereading the opinion of this court, as he claims to have read and reread the oral charge of the court, etc., there would have appeared no necessity of misquoting the excerpt of the opinion as clearly appears from the foregoing.

■ As above set out this court advisedly used the expression, every pertinent proposition of law, which contained correct statements, etc. Said charge "B" reads as follows: "I charge you, the fact that the defendant did not testify cannot be considered against him." Section 5632 of the Code 1923, provides: "On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."

The statutory prohibition of a defendant's failure to testify in the .trial of a criminal charge against him is that such failure shall not be the subject of comment by counsel. There is no contention that defendant's failure to testify in this case was in any manner made the subject of comment by counsel, or was referred to in any manner. The trial court in this case refused the charge very probably upon the theory, here entertained, that the refusal thereof was without injury. There is direct authority for holding, as we have held on this question. Rule 45 (Sup.Ct.Rule) provides: That no judgment may be reversed or set aside, no new trial granted by any court in this State in any case, on the grounds of misdirection of the jury, the giving or refusal of special charges, etc. unless in the opinion of the court,—it should appear that the error complained of has probably injuriously affected substantial rights of parties. Such is the opinion of this court in the case at bar, where the evidence, without material conflict, discloses that this appellant committed the assault complained of, and, as stated in the opinion, it being insisted that the murderous assault was inflicted upon a defenseless old man, and was wholly unprovoked, and without any semblance of justification in the law.

For like reasons defendant's charge number 35 was also refused without error.

■ The argument in support of the insistence is that "the court erred in the oral charge by instructing the jury 'to take' certain testimony." What the court said in this connection is as follows: "I don't know of any rule I care to give you here about the evidence in the case beyond the one that will arise in all cases, and that is the interest of the parties and how far it affects their testimony. Whenever an interest upon the part of a witness appears in the evidence in the case, you would be authorized to take that interest, if it is such an interest as in your judgment would stimulate the witness to color the facts to secure a conviction, or on the other hand to secure an acquittal. You don't chunck a witness's testimony out to one side and not consider it, but you take it together with his interest and all the other facts and circumstances in the case, because there may be other witnesses who have no interest, or other facts and circumstances which corroborate him which would justify you, or compel you to believe him, notwithstanding he may have an interest, and that applies to all."

In no instance did the court charge the jury that it must or shall weigh any evidence in a certain manner. It is permissible for the trial court to state generally in an oral charge, to take the testimony and consider it, and "you may so consider" it

in the light of the interest of the witness who testifies.

The authorities cited by counsel for appellant to support his insistence, that it is error for the court to instruct the jury "to take" the testimony, etc., do not in any manner sustain the proposition under discussion. Appellant first cites Barber v. State, 22 Ala.App. 288, 115 So. 73. We find no such case. We do find the case of Barlow v. State on the designated pages of the books, supra, and in that case, this court simply stated: "The court may never tell the jury how they shall consider testimony." And in the other case cited by appellant's counsel, viz.: Hunter v. State, 22 Ala.App. 432, 433, 116 So. 503, 504, this court stated the correct rule to be: "It is proper for the court to instruct the jury to consider such testimony, together with the other evidence in the case, and in so doing that they may weigh such evidence in the light of any interest a witness may have been shown to have in the result of the trial. The mandatory instruction that the jury must or shall so weigh such evidence is invasive of their prerogative, for the credence to be given to such evidence should be left to the jury unembarrassed or uninfluenced by direct mandatory instructions from the court."

Application for rehearing overruled.