4 So.2d 477

## HORTON v. STATE.

### 8 Div. 121.

Court of Appeals of Alabama.

June 24, 1941.

Rehearing Denied Oct. 7, 1941.

R. B. Patton and D. U. Patton, both of Athens, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

The prosecution in this case was for the violation of the State prohibition law, Code 1923, § 4615 et seq., Code 1940, Tit. 29, § 93 et seq.; the specific charge being, that the defendant was unlawfully in possession of whiskey, in Limestone County, Alabama. The cause originated in the Municipal Court of Limestone County, Alabama, and was based upon an affidavit of the Sheriff of said county, made before the judge of said court, and on the warrant issued upon said affidavit. Said affidavit and warrant, as appears of record, are in words and figures, as follows:

"The State of Alabama,⎱
"Limestone County.     ⎰

In the Municipal Court.

"Before me, D. L. Rosenau, Jr., Judge of the Municipal Court of Limestone County, Alabama, this day personally appeared Martin F. Whitt and made oath that he has probable cause for believing and does believe, that before the filing of this complaint, one Georgia Horton did have in possession illegally, prohibited liquors, contrary to law, which said offense has been committed in said county, against the peace and dignity of the State of Alabama.

"Martin F. Whitt

"Sworn and subscribed to before me, this 15th day of July, 1940.

"D. L. Rosenau, Jr.

"Judge Municipal Court of Limestone County, Ala."

"The State of Alabama⎱
"Limestone County     ⎰

"To the Sheriff or Any Constable of Said County:

"You are hereby commanded to arrest Georgia Horton and bring her before the judge of the Municipal Court of Limestone County, Ala., July 22, 1940 to answer the State of Alabama on the charge of Possessing Whiskey preferred by Martin F. Whitt, and the jailer of Limestone County is hereby commanded to receive the said Georgia Horton into his custody and retain until legally discharged.

"Witness my hand this 15th day of July, 1940

"D. L. Rosenau, Jr.
"Judge of Municipal Court of Limestone County, Ala."

In the said Municipal Court, the defendant interposed her plea of "not guilty." No objection, by motion to quash, demurrer or otherwise was interposed to the affidavit and warrant in the Municipal Court. From a judgment of conviction in said court, the defendant regularly appealed to the circuit court.

The Municipal Court of Limestone County, in which court this prosecution, as stated, originated, was created and established, under the provisions of an Act of the Legislature, approved July 6, 1931, Local Acts of Alabama, 1931, p. 167 et seq. Said court, by the terms of said Act, has concurrent jurisdiction with the county court of Limestone County of all misdemeanors committed within the limits of said county. Section 5 of said Act provides: "Appeals shall be allowed from any judgment of said court to the circuit court of Limestone County, Alabama, where the trial shall be de novo, under same conditions and rules, as appeals are allowed from justice of the peace courts and county courts, respectively."

When the case was called for trial in the circuit court, and before entering upon the trial, defendant filed a motion to quash the affidavit and warrant. Said motion was based upon several grounds, all of the same import, and the principal insistence in this connection is that the Judge of the Municipal Court aforesaid issued the warrant on the affidavit without first examining witnesses, hence said judge did not have probable cause to believe an offense had been committed. Ground 6 of said motion is, "The officer issuing the warrant did not ascertain that there was probable cause to believe an offense had been committed."

Upon the hearing of this motion it developed that the defendant's contention was to the effect, that as a condition precedent, to issuing the warrant upon the affidavit, the issuing officer was required to examine the affiant and other witnesses touching the offense charged in the affidavit, etc.

The foregoing insistence is wholly untenable, and the trial court properly so held. The Statute, Section 3815 of the Code 1923, Code 1940, Tit. 13, § 327, does provide, that the issuing officer, if he

so desires, may examine the affiant and other witnesses touching the offense charged in the affidavit, for the purpose stated; but this provision, while permissive, is in no manner mandatory, as here contended. Here, the issuing officer had before him, in proper form and substance, an affidavit made by the Sheriff of the County, who was the chief law enforcement officer of said county, and without further discussion or elaboration, we hold that this affidavit was sufficient and ample to authorize the issuance of the warrant, and to afford to the issuing officer the right and authority to conclude that he had probable cause for believing that the offense alleged in the affidavit had been committed. In this connection, among other things, the judge of the Municipal Court testified: "I feel where an experienced officer swears out a complaint, or the Solicitor recommends it that that is enough to give me probable cause * * *." It is clearly apparent from this record, that the taking of the affidavit in this case, and the issuance of the warrant thereon, was in line with the general custom prevailing throughout this entire State for many years.

From what has been said relative to the motion to quash the affidavit and warrant, we deem it unnecessary to advert to and discuss the question that said motion came too late when made for the first time in the circuit court, on appeal, in that no objection by motion, demurrer or otherwise, was made in this connection on the trial in the original court, where, as stated, the defendant interposed a plea of not guilty to the affidavit, and upon the issue thus formed the case was originally tried.

■ On the trial, the evidence was in sharp conflict as to the guilt or innocence of the defendant; a jury question was therefore presented.

The State, in making out its case, introduced three witnesses: Martin Whitt, the Sheriff of the County; Knox Biles, the Deputy Sheriff, and C. T. Wilson, Chief of Police of the City of Athens, Alabama, where the alleged offense is said to have been committed. The testimony of said three officers was of the same import, and tended to make out the State's case in its every aspect. We will not quote the testimony of these witnesses as being unneces-

sary. The testimony of the defendant was to the effect she had no whiskey in her possession, as each of the said three witnesses for the State testified. She offered the testimony of some other witnesses which tended to corroborate her insistence. Said testimony was of a negative character, however, as to the principal fact involved upon the trial of this case.

■ Able counsel for appellant raised several other questions upon the trial of this case, and strenuously argue same to this court on this appeal. As stated, however, this case involves a simple question of fact for the jury to determine from the evidence. And while there may be some technical merit in some of the insistences of appellant, as to the rulings of the court complained of, yet we are clear to the conclusion that the substantial rights of the defendant were in no manner erroneously prejudiced in any of these rulings, and therefore we refrain from putting the court to a reversal of the judgment of conviction rendered upon the real facts of the case as shown by the evidence. For direct authority in thus holding, we refer to Supreme Court Rule 45—the pertinent provisions of which, we think, peculiarly applicable to this case, wherein said rule provides:

"Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case on the ground or misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken, or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." Turner v. State, 29 Ala.App. 13, 191 So. 392, certiorari denied 238 Ala. 352, 191 So. 396.

The court allowed the defendant full latitude, and ample opportunity, to present her every defense, and we are of the opinion the evidence was ample to support the verdict of the jury, and to sustain the judgment of conviction pronounced and entered. The record is regular in all respects.

Affirmed.