6 So.2d 521

## MAY v. STATE.

### 2 Div. 698.

Court of Appeals of Alabama.

Feb. 17, 1942.

Geo. O. Miller and Geo. O. Miller, Jr., both of Livingston, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Under the evidence in this case adduced upon the trial of this appellant in the court

below, a jury question was presented. From said testimony it was disclosed without dispute or conflict that this appellant and one Sid Portis (also indicted but not on trial) went upon the lands or property of William A. Ganguet, the alleged injured party, and drove 17 head of Ganguet's cattle from his pasture into a loading pen, and fastened the said cattle therein. Mr. Ganguet received some information about his cattle having been penned up, and went down to the pen on the day he received the information, found his 17 head of cattle penned up, and he thereupon opened the gates to the pen and liberated his cattle by turning them back into his pasture. The foregoing facts, as stated, were without dispute or conflict.

■ The essential and controlling element was the intent of the defendant in driving up and penning the cattle as aforesaid. If the defendant committed said act with a felonious intent to deprive the rightful owner of his property, the offense complained of is complete. If, on the other hand, his actions in driving up and penning the said cattle were innocent and free from any felonious intent, as he strenuously insisted, he was guilty of no. wrong, hence should not have been convicted. The determination of this crucial point of decision rested with the jury, and from all the evidence adduced upon the trial the jury was under the duty to consider and decide this question.

■■ Able and earnest counsel for appellant have filed an excellent brief in his behalf wherein several insistences of error are presented and urged to secure a reversal of the judgment of conviction from which this appeal was taken. Each of said insistences has had our careful and attentive consideration, but in view of the undisputed testimony as to the facts in this case, i. e. the admitted entering upon the lands of Ganguet where a large number of his (Ganguet's) cattle were enclosed in a pasture, and the driving up and enclosing 17 head of the 60 or more cattle in the loading pen, which of course if this action of defendant was done with the felonious intent, as hereinabove discussed, the crime of grand larceny would have been complete in its every aspect. But the defendant insisted he had no such intent, and as we see it, in his effort to sustain such insistence, the trial court manifestly allowed him every latitude and permitted a wide scope of inquiry, hence if any technical ruling of the trial court was infected with error, such ruling, in our opinion, could not have prejudicially affected the substantial rights of the accused. Turner v. State, 29 Ala.App. 13, 191 So. 392; Id., 238 Ala. 352, 191 So. 396; Muse v. State, 29 Ala.App. 271, 196 So. 148.

In the full and explicit oral charge to the jury, the court stated, among other things:

"You have heard all the facts and circumstances in the case, and there is no use of my recounting the facts and circumstances to you, because as I told you in organizing you gentlemen Monday, you are the sole and exclusive judges of the credibility of the witnesses and of the credibility of the evidence. That is your responsibility. That is not the responsibility of the Court, not the responsibility of the Solicitor, or anyone else but you twelve men.

"Now, are you satisfied beyond a reasonable doubt and to a moral certainty that the putting of those cattle in the pen, as the defendant admits that he did do, was it done with fraudulent intent and for the purpose of stealing those cattle? If it was, then the defendant would be guilty as charged in this indictment.

"Gentlemen, the defendant's contention about this matter is, that he had bought those cattle for Mr. Blakeny from two women who lived down in that neighborhood where these cattle were herded, and that he honestly and conscientiously believed that those cattle belonged to Mr. Blakeny. Now, gentlemen, if he honestly and conscientiously believed that those cattle did belong to Mr. Blakeny, why, then he would not be guilty of any offense at all. Now, whether he honestly and conscientiously believed that is a question for your determination.

"The State contends furthermore that he knew they were not Mr. Blakeny's cattle, and he knew he did not buy them as he contended, but he was down there for the purpose of stealing those cattle. Now, as I say, that is the main issue in the case, as I see it, is whether or not his conduct in putting the cattle in the cattle pen, whether he honestly and conscientiously believed that those cattle were the cattle he had bought from these two negro women down there, the two Brown women, and had bought them from [for] Mr. Blakeny as he says.

"If you are satisfied from the evidence he was honest about it and conscientious in his belief that they were the cattle he bought and Mr. Blakeny paid for, then this man would not be guilty of any crime, be-

cause he was acting in good faith if that be true. But the State says that is not true. You have heard all the evidence in the case and heard the arguments of the lawyers. The State contends that this man did not buy the cattle from the two Brown women, that he didn't buy them for Mr. Blakeny, and that he didn't pay for them, and that he said he would go down with the officers of the law and show them where these women lived, and they went down there, the officers and this defendant did, and they couldn't find two Brown women nor could they find where they had been living; and the State contends furthermore there were no such women living in that country at all about the time this defendant claimed he did buy the cattle from those two women; and furthermore the State claims that in an admission or a confession this defendant made that he told the officers there were no such people and he was lying about it. Now, those are matters for your determination.

"As I say, the issue is clear cut, so far as that is concerned. If you believe that the defendant—and the defendant don't deny that—if you believe that cattle were put in that pen by the defendant and the pen closed up, and, as the State contends, that it was fraudulently done and done with the intent to steal the cattle, why, then, he would be guilty as charged in this indictment.

"On the other hand, just the reverse of that, if you believe that he honestly and conscientiously thought and believed that those were the cattle he had bought from these two Brown women and bought them for Mr. Blakeny, if you believe he honestly and conscientiously believe[d] that, why then he would not be guilty of the charge of grand larceny."

In addition to the foregoing, the court upon request of defendant gave the following special written charges:

"1. I charge you, gentlemen of the jury, that there can be no larceny as charged in count one of the indictment in this case, unless there is a felonious taking and carrying away; that is, taking and carrying away with intent to deprive the owner of his property.

"2. I charge you, gentlemen of the jury, that before you can convict the defendant of larceny as charged in count one of this indictment, you must be reasonably satisfied from all the evidence beyond a reasonable doubt that any taking of property alleged that may be chargeable to defendant must have been done with felonious intent.

"3. I charge you, gentlemen of the jury, that a felonious taking is an essential ingredient of the offense of larceny, and unless you are reasonably satisfied beyond a reasonable doubt that this essential element is present, you cannot convict the defendant.

"4. I charge you, gentlemen of the jury, that if you believe from the evidence that defendant's acts in connection with the property alleged to have been taken were done in good faith, upon the belief that he had a legal right to do what was done, he is not guilty as charged in the indictment.

"5. I charge you, gentlemen of the jury, that there must be more than a mere scintilla of evidence pointing toward defendant's guilt, in order to justify a verdict of guilty.

"6. The Court charges the jury that if, upon consideration of all the evidence, they have a reasonable doubt of the defendant's guilt arising out of any part of the testimony, they must find the defendant not guilty."

"9. If, after considering all the evidence, the jury have a reasonable doubt whether defendant aided and abetted in the unlawful taking of the cows charged in the indictment, or whether he was acting under the honest belief that he had purchased said cows in good faith, they will find the defendant not guilty.

"10. In order for you to convict defendant under count one you must be reasonably satisfied from the evidence beyond a reasonable doubt that defendant took and carried away, or aided and abetted in the taking and carrying away, the property as charged in the indictment, with intent to steal.

"11. The Court charges the jury that every essential ingredient of the offense charged must be proven beyond a reasonable doubt and to a moral certainty before a conviction may lawfully be had."

█ The defendant requested the general affirmative charge. There is no phase of this case which would authorize or empower the trial court to direct a verdict, hence the refusal of said affirmative charge was without error.

█ The defendant, on the trial, had the benefit of the portion of the court's oral charge hereinabove quoted, and also the special written charges likewise quoted. However, in this transcript none of defendant's requested charges, so far as the record shows, were authoritatively indorsed

"refused" or "given" by the trial judge, as required by the statute, and the mere statement of the clerk to this effect is not authorized by the statute. Stinson v. State, 223 Ala. 327, 135 So. 571; Birch v. Ward, 200 Ala. 118, 75 So. 566; Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300.

■■ We cannot accord to appellant's insistence that there was a failure of proof as to asportation of the property involved. The law is, "a very slight asportation will be deemed sufficient." Molton v. State, 105 Ala. 18, 20, 16 So. 795, 796, 53 Am.St.Rep. 97. In this case it affirmatively appears, without dispute or conflict in any of the testimony, that this appellant, and another, drove the cattle from where they found them in the pasture, some distance to the loading pen and fastened them therein. The trial court was correct in stating, as above quoted, if said act was done by the defendant with the felonious intent, etc., the offense was complete. Whether he entertained such intent when he so drove said cattle was a question for the jury to determine.

The record proper is regular in all respects; and, there being no reversible error in any ruling of the trial court, it follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.