22 So.2d 614

### FROST v. STATE.

8 Div. 466.

Court of Appeals of Alabama.

June 19, 1945.

S. A. Lynne, of Decatur, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant (defendant) with the offense of assault and battery upon John Vann. The trial resulted in his conviction and his punishment assessed by the jury was a fine of five dollars. This appeal is from the judgment of conviction duly pronounced and entered.

There is but slight conflict in the testimony. The defendant when testifying in his own behalf admitted he struck the alleged injured party, but did not remember how many times he hit him. Also that he knocked him down and left him down on the ground and returned to his work nearby. The defendant, under his testimony, was 29 years of age, and weighed 160 pounds. Vann at the time of the difficulty was 64 years of age, and weighed around 150 lbs.

It is without dispute that Vann was seriously injured; that his jaw bone was broken on each side of his mouth, and further, he was severely struck in the back of his head causing a contusion which bled freely. State witness, Dr. Hughes, whose qualifications were admitted, and to whom Vann was carried by a friend, testified as to the several wounds and the severity of the wounds, and stated he sent the injured man to Birmingham to have his wounds fixed.

But one or two exceptions were reserved to the court's rulings during the trial. It is clearly apparent that the cause of the difficulty was trivial. It is evident that appellant throughout the trial undertook to justify his admitted assault because, Vann had plowed over the line and injured defendant's oats on 10 or 15 feet of land. Such a defense is unavailing for it is not permissible for a person to take the law into his own hands, and inflict physical violence in the manner shown in this case.

The evidence tends to show that appellant was the aggressor throughout in the controversy. He, by his own testimony admits he struck the several severe blows complained of, and it also tends to show he fought willingly. Thus under the law, by his own statement, he was guilty as charged. It is therefore conclusive that the rulings of the court complained of were in no manner injurious to the substantial rights of the defendant. Sup.Ct. Rule 45 Code 1940, Tit. 7 Appendix; Vaughan v. State, 21 Ala.App. 204, 107 So. 797, certiorari denied 214 Ala. 284, 107 So. 799; Paul v. State, 21 Ala.App. 125, 105 So. 912; Turner v. State, 29 Ala.App. 13, 191 So. 392, certiorari denied 238 Ala. 352, 191 So. 396.

The judgment appealed from is affirmed.

Affirmed.