# Thomas *v.* The State.

*Indictment for Murder.*

1. *New trial in criminal case; ruling on motion not reviewed on appeal.*—The ruling of a trial court on a motion for a new trial in a criminal case is not revisable on appeal.

2. *Evidence; when general objection properly overruled.*—A general objection to a question asked a witness, which is not made until after the question has been answered, is properly overruled.

3. *Same; non-expert witness.*—On a trial under an indictment for murder, a witness, though not a physician, is competent to testify that he was present when the deceased died under an operation performed on him, by reason of a wound inflicted by the defendant.

4. *Indictment for murder; charge of court as to manslaughter.* On a trial under indictment for murder, where after the court in its oral charge to the jury has instructed them as to what constitutes murder in the first and second degree, the following-further instruction by the court is free from error: "Manslaughter in the first degree is also embraced in this indictment. Manslaughter in the first degree is the unlawful killing of a human being without malice, that is as the unpremeditated result of passion heated blood caused by a sudden sufficient provocation. Now, if the defendant unlawfully, but without malice killed John Leonard by shooting him with a pistol and such killing was the result of passion heated blood suddenly aroused without sufficient provocation solely, then that would be manslaughter in the first degree."

4. *Same; when not erroneous for court to fail to instruct as to manslaughter in the second degree.*—On a trial under an indictment for murder, where there is an entire absence of evi-

[Thomas v. The State.]

dence tending to show that the crime committed was man-
slaughter in the second degree, and all the evidence, without
conflict or dispute, shows that the killing of the defendant
was intentional, it is no objection to the general oral charge
of the court to the jury, that it fails to instruct them as to
manslaughter in the second degree, and it is not error for the
court, in such case, in its general oral charge, to instruct the
jury that if the defendant is guilty at all under the evidence
in the case, he is guilty of either murder in the first degree,
murder in the second degree or manslaughter in the first
degree.

5. *Homicide; improper treatment of dangerous wound affords no
protection to defendant.*—Where a wound upon a deceased is
in itself dangerous to life, mere erroneous treatment of it, or
of the deceased himself suffering from it, will afford no pro-
tection or defense to defendant against a charge of unlawful
homicide.

6. *Argumentative and confused charges* are properly refused.

7. *Indictment for murder; charges as to manslaughter and murder.*
On a trial under indictment for murder, where there was evi-
dence introduced from which the jury might have found the
defendant guilty of murder, charges are erroneous and prop-
erly refused, which instruct the jury that if they believe the
evidence beyond a reasonable doubt they will find the defend-
ant guilty of manslaughter, or that they will acquit the de-
fendant of murder in the first degree and murder in the sec-
ond degree.

8. *Trial and its incidents; charges as to defendant not testifying
as a witness.*—Under the statute, no adverse inference or pre-
sumption can be drawn from the failure of the defendant in
a criminal case to testify as a witness in his own behalf,
(Code, § 5297); and, therefore, in a trial of a criminal case,
a charge requested by the defendant should be given, which
instructs the jury that "No inference or conclusion should
be drawn by the jury from the fact that the defendant was
not sworn and put on the stand as a witness in his own be-
half nor should this fact have any weight with the jury in
reaching a verdict."

APPEAL from the City Court of Talladega.

Tried before the Hon G. K. MILLER.

The appellant was indicted, and tried for the murder
of John Leonard, was convicted of murder in the first
degree and sentenced to the penitentiary for life.

6

[Thomas v. The State.]

On the trial of the case, the evidence for the State tended to show that the defendant and deceased were riding together in a buggy, and that upon approaching some other men in the road they stopped; that the deceased was drunk and was proceeding to give the men whom they met, a drink; that the defendant told him to keep quiet, whereupon the deceased hit the defendant with his hand; that the defendant then got out of the buggy and told the deceased to get out; that upon deceased refusing to do so, the defendant drew his pistol and pointing it at the deceased, again ordered him to get out of the buggy; and that while the deceased was getting out of the buggy the defendant shot him. It was shown that the deceased was carried to a hospital in Birmingham, and that while he was being operated upon on account of the wound inflicted by the defendant, he died.

There were four physicians examined, each of whom testified that they had examined the wound inflicted upon the deceased, and that it was dangerous wound; three of the physicians testifying that death would have resulted without an operation.

During the examination of Sanders Turner, and after he had testified that he was present at the time the deceased was shot and had stated the circumstances of the shooting, he was asked by the solicitor for the State, if he saw the defendant and had any conversation with him at any time after the shooting and was requested to state what he did and what he said. The witness in answer to this question testified that he saw the defendant the next morning after the shooting; that the defendant asked him if he, the witness, had said anything about the shooting, and stated that the deceased did not know who shot him, and then said that if he, the defendant, heard anything about it, "he was going to leave." The bill of exceptions then contains the following recital: "To the question eliciting this conversation and to the answers thereto, defendant objected, the court overruled the objection, and the defendant excepted."

Vassar L. Allen, a witness for the State, testified that

he was an attorney-at-law and lived in Birmingham; that he was at the hospital in the city of Birmingham at the time the deceased was operated upon and was present at the operation. This witness then testified that the deceased died on the operating table in less than five minutes after the surgeon's knife was applied to the swelling near his collar bone, which was the result of the wound, and which the physicians termed an aneurism or blood tumor. The defendant objected to the testimony of the witness as to the deceased having died on the operating table, because the witness was not a physician, and moved to exclude the same from the jury. The court overruled the objection and motion and the defendant duly excepted. The defendant was not sworn as a witness, and did not testify in his own behalf.

In the court's general oral charge to the jury, after defining murder in the first and second degree, the court then instructed the jury as follows: "Manslaughter in the first degree is also embraced in this indictment. Manslaughter in the first degree is the unlawful killing of a human being without malice, that is as the unpremeditated result of passion heated blood caused by a sudden sufficient provocation. Now, if the defendant unlawfully, but without malice killed John Leonard by shooting him with a pistol and such killing was the result of passion heated blood suddenly aroused without sufficient provocation solely, then that would be manslaughter in the first degree." To this portion of the court's oral charge to the jury the defendant separately excepted, and also separately excepted to the other portion of the court's oral charge to the jury which is copied in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "Manslaughter is the unlawful and intentional killing of a human being without malice or implied, and if the jury believe beyond a reasonable doubt that Leonard struck Will Thomas a blow on the head with his fist and that while angry from such blow and with no

time for reflection Will Thomas immediately and without malice shot Leonard in the arm, from which shot Thomas died, then the jury may find Will Thomas guilty of manslaughter but of no higher offense." (2.) "A statement by a witness in this case who is not a physician that the deceased died during an operation in Birmingham is not conclusive on the jury that said operation was an operation for an aneursm without more." (3.) "If the juy believe the evidence beyond a reasonable doubt, they will find the defendant guilty of manslaughter." (4.) "If the jury believe the evidence beyond a reasonable doubt, they will acquit the defendant of murder in the first degree and of murder in the second degree." (5.) "No inference or conclusion should be drawn by the jury from the fact that the defendant was not sworn and put on the stand as a witness in his own behalf, nor should this fact have any weight with the jury in reaching a verdict."

After the return of a verdict of guilty of murder in the first degree, the defendant made a motion for a new trial, upon several grounds. This motion was overruled and the defendant excepted.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State. The action of the lower court in overruling defendant's motion for a new trial is not revisable.—*Burrage v. State*, 113 Ala. 108.

The defendant's objection to the question asked the witness Turner was properly overruled.—*Washington v. State*, 106 Ala. 58; *Clark v. State*, 78 Ala. 478.

The objection to the testimony of the witness Allen was properly overruled.—*Washington v. State*, 106 Ala. 58; *Chaffin v. State*, 123 Ala. 58; *Wright v. State*, 136 Ala. 139.

The portion of the general charge to which the defendant objected was a correct definition of manslaughter in the first degree.—*Ragland v. State*, 125 Ala. 12.

The second portion of the general charge of the court

[Thomas v. The State.]

to which the defendant objected was proper.—*Ragsdale v. State*, 134 Ala. 24.

The 5th charge requested by the defendant was properly refused.—*State v. Pearce*, 56 Minn. 226; *State v. Robinson*, 117 Mo. 663; Code, § 4333.

DOWDELL, J.—The ruling of the trial court on a motion for a new trial in a criminal cause is not reviewable on appeal.—*Durrett v. State*, 133 Ala. 119; *Hampton v. State*, Ib. 180; *Bondurant v. State*, 125 Ala. 31; *Burrage v. State*, 113 Ala. 108.

There was no error in overruling the defendant's objection to the question asked the witness Sanders Turner. The objection was general, and it appears that the objection was not made until after the question had been answered. Moreover, the testimony given in response to the question was clearly relevant, tending to show a consciousness of guilt on the part of the defendant, and an intention of flight.—*Washington v. State*, 106 Ala. 58.

The objection to the testimony of the witness Vassar L. Allen was general, and the court, therefore, committed no error in overruling the same.—*Washington v. State, supra.* Besides, it was competent for the witness, though not a physician, to testify that he was present when the deceased died under an operation performed on him at the hospital.

There was no error in that part of the oral charge excepted to by the defendant, wherein the court defined manslaughter in the first degree.—*Ragland v. State*, 125 Ala. 30. Nor was any error committed by the court in that part of the oral charge excepted to by the defendant, wherein the court said: "Under the instructions I have given you as to what constitutes murder in its several degrees and manslaughter in its several degrees, the defendant, if guilty at all, under the evidence in this case, would be guilty of either murder in the first degree, murder in the second degree or manslaughter in the first degree, or guilty of nothing as you may determine."—*Ragsdale v. State*, 134 Ala. 24.

The evidence was without dispute, that the wound in-

flicted by the defendant upon the deceased was a dangerous one, furthermore, that an operation was necessary. In *Daughdrill v. State,* 113 Ala. 34, it was said by this court: "The true doctrine is that where the wound is in itself dangerous to life, mere erroneous treatment of it, or of the wounded man suffering from it, will afford the defendant no protection against a charge of unlawful homicide."

There is no evidence in the case which would have authorized the court to charge upon the subject of manslaughter in the second degree.

Written charge number 1 requested by the defendant is confused. This charge hypothesizes the death of *Thomas,* who is the defendant. No doubt this was unintentional, and that Leonard, the deceased, was meant. Still, written charges are required to be given or refused as requested. The charge for the fault pointed out, if for no other, was properly refused.

Charge 2 requested by the defendant is argumentative and for that reason no error was committed in its refusal.

There is evidence from which the jury might well have found the defendant guilty of murder in the first degree, and which they did by their verdict. Charges 3 and 4 were, therefore, properly refused.

The bill of exceptions states that, "the defendant was not sworn as a witness and did not testify in his own behalf." Section 5297 reads as follows: "On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel." The fifth written charge to the jury requested by the defendant, in substance states the law applicable to the case. It was a fact that the defendant failed to make the request to testify in the case, and the charge could not, therefore, be condemned as being abstract. Nor should it be condemned as being argumentative, since it contained nothing more than the statement of an ad-

mitted fact and the law applicable under the statute. This charge should have been given, and for the error committed in its refusal, the judgment of the court below must be reversed.

Reversed and remanded.

