# Nicholson v. The State.

*Abusive Language in the Presence of Females.*

(Decided March 2, 1907.  43 So. Rep. 365.)

1. *Abusive Language; Evidence; Admissibility.*—Where it appeared that the offense was committed while the prosecuting witness was complaining to accused of his having whipped her child, statements previously made to her by her child was admissible as evidence to locate the time and place of the offense charged.

2. *Same.*—It was competent to show by prosecutrix all that was said to her by accused and by her to him at the time he used the language complained of.

3. *Witnesses; Cross Examination of Accused.*—On being examined on his own behalf accused denied using the language testified to by prosecutrix, and it was permissible, on cross examination, to ask him if he did not habitually use profane language.

4. *Criminal Law; Appeal; Prejudicial Error.*—The accused having answered the question in the negative it was harmless error to permit him to be asked on cross examination if he had not on a particular occasion gone to the home of a third person and used profane language, for which there was an indictment pending against him.

[Nicholson v. The State.]

5. *Abusive Language; Evidence; Admissibility.*—It was not error to exclude from the jury the fact that a bill for divorce had been filed against prosecutrix by her husband.

6. *Criminal Law; Review; New Trial.*—The denial of a motion for a new trial in the criminal case is not reviewable on appeal.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Perry Nicholson was convicted for using obscene language in the presence of a female, and he appeals. Affirmed.

On the trial the state's witness Mrs. Taylor was permitted to testify, over the objection of the defendant, that she had a son by the name of George, and that, a short time before the witness appeared before the grand jury to give testimony on which the bill was found, her son George approached her on the streets of Alabama City, was crying, and told her that defendant had been fighting him, that defendant had beat him, that defendant said he would knock his damn head off, and used other similar language; that witness went at once to find defendant, and found him at the home of Mrs. McWaters, and that her son went with her. The court overruled the objection, but instructed the jury not to consider anything that the witness's son had told her, but that they might look to the statement of witness for the purpose of locating the time and place of the alleged offense, and for no other purpose.. The witness then testified that she asked Mr. Nicholson what he meant by beating her son George, and told him that if George had done wrong, he should have called on witness to punish him; that defendant had no right to treat the boy as he had done. The defendant moved to exclude this statement of witness, and the court refused to exclude it, or any part of it. Witness further testified that when she got there she found the defendant leaning back against the wash shelf in the yard of Mrs. McWaters, and asked defendant, "What did you mean by beating my boy?" Defendant made no reply to this question, and the witness again asked him about beating her boy, when defendant said he would not make a wit-

6 R

ness against himself. The defendant again asked the court to exclude all that the witness had said about defendant's treatment of the little boy; but the court declined to do so, and again instructed the jury that they could look to these statements only in locating the time. The witness then stated that defendant said that he had whipped her little boy, and, when she protested, defendant said, "Yes, I beat him, and if you don't like it, or if you trouble me, I will knock your God damn head off," and other similar statements.

BOYKIN & BRINDLEY, for appellant.—The court erred in the admission of Taylor's testimony, although limiting it as it did.—*Etheridge v. The State,* 124 Ala. 106; 7 Cyc. pp. 1114, 1115, and 1116. The court erred in permitting the questions asked defendant on cross-examination.—*Jones v. The State,* 79 Ala. 23; *Clarke v. The State,* 78 Ala. 474. A defendant cannot be cross-examined as to his connection with or commission of other offenses.—*Clarke v. The State, supra; Burger v. The State,* 83 Ala. 39; *Williams v. The State,* 98 Ala. 28. Nor can he be compelled to do anything to incriminate himself.—*Cooper v. The State,* 86 Ala. 610. The character of the prosecutrix and her tendencies to use like languages may be considered by the jury in determining what weight they will give her testimony and in mitigation of the offense.—*Golson v. The State,* 86 Ala. 601.

ALEXANDER M. GARBER, Attorney-General, for State. The questions to the witness Taylor constituted a part of the resgestæ.—*Garrett v. The State,* 76 Ala. 18; *Netson v. The State,* 130 Ala. 83. Whether or not it was habitual with defendant to use that character of language was proper to be shown.—*Cahn v. The State,* 110 Ala. 56; *Golson v. The State,* 86 Ala. 601. By becoming a witness in his own behalf the defendant waived the right to constitutional protection.—*Smith v. The State,* 137 Ala. 22. In any event thee question was answered in the negative and was innocuous to defendant. —*Thompson v. The State,* 100 Ala. 70; *Brock v. The State,* 39 South. 580. The action of the court in over-

ruling motion for new trial in a criminal case is not subject to a review.—*Thomas v. The State,* 139 Ala. 80.

DOWDELL, J.—No reversible error was committed by the trial court in its ruling on the objection of the defendant to the evidence of the state's witness Mrs. Taylor as to the statements made to her by her son of the defendant's conduct towards him. The court instructed the jury not to consider this evidence, except as locating the time and place of the offense with which the defendant was charged. In this there was nothing prejudicial to the defendant. It was competent to show by this witness all that was said by her to the defendant and by the defendant to the witness at the time the defendant made use of the abusive or profane language, with which offense the defendant was charged and on trial. The court, therefore, properly overruled the defendant's objection to, and his motion to exclude, this evidence.

The defendant having testified as a witness in his own behalf, and having denied making use of the abusive or profane language testified to by the witnesses for the state, it was permissible for the solicitor on cross-examination to ask this witness if he did not habitually use profane language. If there was any error in allowing the defendant to be asked on his cross-examination if he did not, on a particular occasion when he went to the home of Mrs. McGlothern there make use of profane language, against his objection on the ground that there was an indictment for that particular charge pending in another case against him, it was error without injury, as the defendant answered the question in the negative. His answer was favorable to himself, and consequently nothing prejudicial resulted. See *Smith v. State,* 137 Ala. 22-28, 34 South. 396. See, also, *Thompson v. State,* 100 Ala. 70. 14 South. 878, and *Borck v. State* (Ala.) 39 South. 580.

There was no error in sustaining the state's objection to the introduction in evidence of the bill for a divorce which had been filed in the chancery court against Mrs. Taylor by her husband.

The ruling of the court on the defendant's motion for a new trial is not subject to review on appeal.—*Thomas v. State*, 139 Ala. 80, 36 South. 734.

No error appearing of record, the judgment will be affirmed.

Affirmed.

HARALSON, ANDERSON, and MCCLELLAN, JJ., concur.