33 So.2d 752

**SALVADORI v. STATE.**

7 Div. 925.

Court of Appeals of Alabama.
Feb. 3, 1948.

Roberts, Cunningham & Hawkins, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

CARR, Judge.

Appellant was convicted in the court below of burglary. He did not elect to testify in his own behalf. The trial judge refused to him this written charge:

"The Court charges the Jury that the fact that the defendant did not testify in this case cannot be considered in determining defendant's guilt or innocence."

In the oral charge no reference whatever is made to the fact that the accused did not testify, nor is there any explanation given of the effect thereof. In other words, the oral charge is in complete silence on the matter.

So far as we are able to find, this question in exact instant form has not been reviewed by our appellate courts except in comparatively few cases.

In Medley v. State, 156 Ala. 78, 47 So. 218, apparently an attempt was made to have the jury instructed in regard to this privilege. On account of the inaccurate verbiage of the tendered charge, the Supreme Court approved its refusal.

In Thomas v. State, 139 Ala. 80, 36 So. 734, reversal was predicated upon the action of the lower court in refusing a charge which in effect and purport is the same as the one under consideration here. It should be noted that this decision antedated the adoption of Supreme Court, Rule 45, Code 1940, Tit. 7, Appendix.

This court treated a similar charge in Turner v. State, 29 Ala.App. 13, 191 So. 392. We did not condemn nor disapprove the instruction, but justified its refusal by concluding that it was error without injury. On review by certiorari, Justice Bouldin, writing for the Supreme Court, 238 Ala. 352, 191 So. 396, went into the question at some length and published a very comprehensive discussion of the matter. The writ was denied on the basis and for the reason that the Supreme Court is not privileged to review the findings of this court on the question of error without injury, unless our opinion discloses a misapplication of the rule.

A written charge to the same effect is contained in the original record in the case of Alston v. State, 248 Ala. 163, 26 So.2d 877. Justice Stakely, in preparing the opinion for the court, did not denounce the instruction, but justified its refusal for the reason that it was substantially covered by the oral charge. The opinion gives recognition to the holding in the Thomas case, supra.

In consonance with the provisions of Title 15, Sec. 305, Code 1940, and the authorities we have noted, it appears evident that unless we can apply Supreme Court Rule 45 to the action of the lower court in the matter of instant concern, the judgment at nisi prius must be reversed.

The evidence for the State in the main centered around the proof that, when the defendant was arrested, a piece of paper was found on his person. The owner or manager of the burglarized building testified that this same article was in the safe the night of the burglary and that it was among the effects taken therefrom.

It is evident that these facts are not comparable in incriminatory implication to those delineated in the opinion in Turner v. State, supra.

We are not unmindful of our duty to give full and considered recognition to the provisions of the "error without injury" rule. The wisdom and propriety of the doctrine are demonstrated often in reviewing appeal records. However, we are equally mindful of our responsibility to protect and safeguard the rights of parties litigant. We are enjoined to make diligent examination of the record to determine if there is probable injury when error. is apparent. Henderson v. Tennessee Coal Iron & R. Co., 190 Ala. 126, 67 So. 414; Seay v. State, 31 Ala.App. 545, 19 So.2d 549.

We are convinced that we would do violence to the spirit and intent of the rule in question if we should make it apply in the case at bar.

The record is free of error with the exception indicated.

It is ordered that the judgment of the lower court be reversed and the cause remanded.

Reversed and remanded.