116 So.2d 903

**Columbus BOGGS, alias Richard English**

**v.**

**STATE of Alabama.**

**2 Div. 398.**

Supreme Court of Alabama.

June 25, 1959.

Rehearing Denied Jan. 21, 1960.

Sam Sommers, Jr., and W. Tarver Rountree, Jr., Selma, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

This is the second appeal in this case. 268 Ala. 358, 106 So.2d 263. After remandment, appellant was tried, convicted of murder in first degree, and sentenced to death by electrocution for killing M. L. Chance by shooting him with a pistol in Dallas County.

On the afternoon of September 5, 1957, the body of deceased was found lying under a counter in his store on the Selma-Summerfield highway. The salient facts shown by the record are these:

Mrs. M. L. Chance, widow of deceased, testified that a .38 Smith & Wesson pistol and holster, marked PLAINTIFF'S EX-HIBIT 1, belonged to deceased. She testified also that her husband, at the time of his death, owned "A blue two-door '55 Pontiac" automobile, that deceased drove to work in that car on the day of his death, that the car was not at the store on the afternoon of that day when the body of deceased was discovered. Van V. Pruitt, Jr. testified that he obtained Plaintiff's Exhibit 1 from under the front seat of a blue Pontiac sedan behind the Highway Patrol station in Demopolis.

Noah Cole testified that defendant came to the store of deceased about noon on the day of the killing and bought some food, went outside to eat it, and came back in

and drank a soft drink. When the witness left the store after about fifteen minutes, defendant was walking up the road.

About 8:30 or 9:00 o'clock in the morning on the day Chance was killed, Lee White, at his own house about two miles from the store, saw defendant on the road walking toward the store of deceased. Later, the witness saw a light blue automobile coming from the direction of Chance's store. The witness recognized the driver as the man he had seen pass earlier that day. On being asked: "And the man that you see here now, was he the one?", witness replied: "He the one driving the car." White testified the car had four doors, and on cross-examination admitted that he "might have said a two-door car last year."

Lt. T. L. Pyron, police officer of the City of Selma, testified that on September 6, 1957, near Demopolis, a .25 automatic and holster were taken from the right-hand pants pocket of defendant. The serial number of the pistol was 708685. Pyron delivered the pistol to Van V. Pruitt, Jr., a toxicologist employed by the State.

Pruitt testified that he found the body of deceased on the floor of the store, that two wounds were apparent on the surface of the body, and that the witness made an internal examination of the body which showed massive hemorrhage in the lung cavity. The witness noted a wound in the right lung immediately underlying an external wound on the right chest. The witness traced the path of this wound to the back of the spinal column and across into the left cavity where he found a slug. The path of the wound away from the heart. In the opinion of partially severed the main artery leading witness, death was caused as the result of hemorrhage from a bullet wound as described. In addition to the slug taken from the body of deceased, the witness found two other slugs in the store, one in the wall and another behind the counter.

Pruitt made ballistic tests and compared the slugs taken from the body and found in the store with slugs which the witness test fired from the .25 automatic which had been delivered to the witness by Lt. Pyron. In the opinion of witness, the slug taken from the body of deceased came from the .25 automatic pistol. The witness also found three empty .25 caliber shell casings in the store. The witness testified that, in his opinion, the other two slugs found in the store had also been fired from the .25 automatic, and that the three cartridge casings had been fired from the same pistol. Slugs, pistol, and casings were placed in evidence.

Clarence Hardy, on the police force of Demopolis, testified that early on the morning of September 6th, he stopped a blue 1955 Pontiac on the outskirts of Demopolis and that defendant was driving that car on Highway 43. Defendant got out of car and fled the scene.

Mrs. M. L. Chance, widow of deceased, identified a wallet as one belonging to deceased which he carried on a chain fastened to his belt. Willie B. Painter, investigator for the State, testified that defendant stated to the witness, in presence of Captain Baker and defendant's mother, at police headquarters in Selma, that defendant had "flung the wallet to the left" down at the bottom of a hill near a bridge in the vicinity of the store of deceased. The witness and some others afterwards found the wallet at the place where defendant had said he had thrown it.

The court, before admitting testimony by Painter and Baker as to the statement made by defendant, conducted examination on voir dire outside of the presence of the jury. It appears from this voir dire examination that before he made the statement, defendant was advised that any statement he made might be used against him, that defendant was advised of his right to counsel, and that his mother was present at the making of the statement.

Baker related the statement in which defendant told how he went to the store, pointed the gun at deceased, struggled with and shot him after deceased took a pistol

from under the counter; how defendant then took the wallet, removed the money, threw away the wallet, drove off in the automobile of deceased, and was stopped next morning near Demopolis where he ran away across a cornfield. Baker testified that defendant's mother was present at the trial and pointed her out in the courtroom during his testimony.

 The defendant did not testify. The trial court refused to give Charge 5 requested by defendant as follows:

"5. I charge you, gentlemen of the jury, that the solicitor must not comment in any way, manner, shape, or form to the detriment of the defendant in reference to his failure to take the stand as a witness in his own behalf."

In argument that refusal of Charge 5 constituted reversible error, appellant cites Thomas v. State, 139 Ala. 80, 36 So. 734, where this court held that the trial court erred to reversal in refusing the following charge:

"* * * 'No inference or conclusion should be drawn by the jury from the fact that the defendant was not sworn and put on the stand as a witness in his own behalf, nor should this fact have any weight with the jury in reaching a verdict.'" (139 Ala. 80, 84, 36 So. 734, 735.)

Appellant also cites Salvadori v. State, 33 Ala.App. 372, 33 So.2d 752

The refused charge in Thomas v. State, supra, and the refused charge in the instant case are not the same. The charge refused to Thomas states that the jury should not draw any inference against defendant because he did not testify. The instant charge states that the solicitor must not comment on defendant's failure to testify.

 Conceding arguendo that the refused charge now before us is a correct statement of a sound proposition of law, we are not able to see how that proposition concerns this case. The record does not

disclose that the solicitor in any manner made comment on defendant's failure to testify. We cannot presume error. In the absence of any showing that the refused charge had application to the circumstances of the case as reflected by the record, we are of opinion that the charge was abstract, and for that reason its refusal was not error. Ala.Digest, Criminal Law, ⚊813.

In compliance with our duty under the statute, Title 15, § 382(10), Pocket Parts, Code 1940, we have carefully examined the entire transcript and are of opinion that there is no error in the record and that the judgment below is due to be affirmed.

Affirmed.

All the Justices concur.