

Richard A. Thompson, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

279 So.2d 574

**Thomas Ray SWINDLE**

v.

**STATE.**

**6 Div. 404.**

Court of Criminal Appeals of Alabama.

June 12, 1973.

CATES, Presiding Judge.

Pursuant to verdict, the court below adjudged Swindle guilty of burglary in the second degree, *or* grand larceny, *or* buying, receiving, etc., stolen goods. A single sentence of ten years imprisonment was pronounced.

I

■ Whether or not the disjunctive verdict was void for ambiguity we need not decide. First, the single sentence obviates any question such as that presented in Wildman v. State, 42 Ala.App. 357, 165 So.2d 396.

Second, defense counsel interposed no objection to the reception of the verdict. See Thomas v. State, 2 Md.App. 645, 236 A.2d 747.

In Baldwin v. State, 213 Tenn. 49, 372 S.W.2d 188, there was a two-count indictment. The verdict was alternative. We quote in part:

"We think that this verdict is so unintelligible as to render it invalid. One can only speculate on what the jury intended to do in this case; and no evidence of their intention can be gleaned from the punishment imposed since the maximum for both crimes is five (5) years in the penitentiary. * * *

"In holding that this verdict is invalid because of indefiniteness, we are not unaware of our decisions in which we have held that the disjunctive 'or' may, in some cases, be properly interpreted to mean the conjunctive 'and'. * * *

* * * * * *

"The form of the verdict was not objected to at the trial nor was it assigned as error on this appeal. However, we think that the nature of the error brings this case within the decision of First National Bank of Elgin, Ill. v. Russell, 124 Tenn. 618, 139 S.W. 734 (1911), where this Court said:

" 'It is well settled, however, under our practice, that when necessary to meet the ends of justice, this court has the right to notice, and will notice, errors

of the lower court, and, *when the error is very plain,* will correct it of its own motion.' (Emphasis ours.)"

Thus, if we rely on *Baldwin,* supra, we should reverse for reception of an ambiguous, if not anomalous, verdict. Certainly, in the words of Ervin, J., in State v. Albarty, 238 N.C. 130, 76 S.E.2d 381, the verdict here in question "is not sufficiently definite and specific to identify the crime of which the defendant is convicted."

II

■ We find it necessary to reverse the judgment for the refusal of Charge 37A requested in writing by the appellant. This charge reads:

"37a. The Court charges the jury that the fact that the Defendant did not testify in this case cannot be considered in determining the Defendant's guilt or innocence.

"No inference or conclusion should be drawn by the jury from the fact that the Defendant, Thomas Swindle, was not sworn and put on the witness stand as a witness in his own behalf, nor should this fact have any weight with the jury in reaching a verdict."

Here the defendant did not testify. Hence, the charge is not abstract under the evidence. Nor did any other instruction, general or specific, refer to the right of the defendant not to take the stand.

On authority of Salvadori v. State, 33 Ala.App. 372, 33 So.2d 752 [1] the judgment below is reversed and the cause remanded for venire de novo.

Reversed and remanded.

All the Judges concur.

---

1. See discussion in Boggs v. State, 270 Ala. 209, 116 So.2d 903.