The appellant was indicted and convicted for unlawfully obtaining the drug demerol *Page 1171 
for his personal use. Acts 1971, No. 1047, p. 2378, § 401 now codified as § 20-2-70, Code of Alabama 1975. The trial judge fixed sentence at four years' imprisonment.
The appellant was apprehended in his attempt to have a forged prescription for demerol filled at Carter's Drug Store in Selma, Alabama. After being informed that the prescription was forged and given his constitutional rights the appellant stated that a Patty Larkin had requested him to get the prescription filled and that she must have written it. Police officers for the City of Selma testified that they searched for but were unable to locate Ms. Larkin.
The only question presented on appeal is whether a trial judge may refuse a requested jury charge which is a correct statement of law because it was substantially and fairly covered by the judge in his preliminary address to the jury.
The charge requested by the appellant stated:
 "Members of the jury I charge you that the failure of the Defendant to take the stand as a witness in his own behalf can in no way, matter, shape or form be held as evidence to his guilt. Defendant has a constitutional right either to take or not take the stand in his behalf and his failure to do so can in no matter be commented on by the State."
The oral charge of the court after the attorneys had presented their case to the jury in closing argument made no mention of the principles embraced within this requested charge.
There is no contention that the appellant's failure to testify in this case was in any manner made the subject of comment by counsel, or was referred to in any manner. Therefore it is obvious that a portion of the requested charge was abstract and not applicable to the facts of the case. Boggs v.State, 270 Ala. 209, 116 So.2d 903 (1960). The action of the trial judge in refusing the entire charge was therefore proper.
Written requested charges must be given or refused in the terms in which they are written. Section 12-16-13, Code of Alabama 1975; St. John v. State, 55 Ala. App. 95, 313 So.2d 215, cert. denied, 294 Ala. 768, 313 So.2d 218 (1975). Where a charge states several distinct propositions of law, the court may properly refuse all if any one of them is unsound. Burk v.State, 16 Ala. App. 110, 75 So. 702 (1917); Price v. State,107 Ala. 161, 18 So. 130 (1894); 6A Alabama Digest, Criminal Law, 830. For this reason each request for an instruction should not comprehend more than one subject or state more than one principle of law.
Generally it is error to refuse a requested written instruction that the failure of the accused to testify is not to be considered as evidence of guilt where the accused does not testify and this subject is not covered by the court in its oral charge. Thomas v. State, 139 Ala. 80, 36 So. 734 (1904);Salvadori v. State, 33 Ala. App. 372, 33 So.2d 752 (1948);Swindle v. State, 50 Ala. App. 403, 279 So.2d 574 (1973). However such error may be harmless where the evidence without material conflict shows that the accused committed the crime and the failure of the accused to testify was not commented upon by counsel or referred to in any manner. Turner v. State,29 Ala. App. 13, 191 So. 392, cert. denied, 238 Ala. 352,191 So. 396 (1939); Carl Arthur Perry v. State, Ala.Cr.App., 8 Div. 958 (Ms. May 30, 1978).
In this case the trial judge, in a preliminary address to the jury after it had been impaneled and sworn, instructed the jurors on the procedure the trial would follow. Included in these remarks was an instruction on the failure of the accused to testify.
 "They may elect to put the Defendant on the stand or they may not. The fact that he does not take the stand in that event, that is their decision and is no circumstance against him because he's under no burden to prove anything. The State has to carry that burden. So you would not *Page 1172 
consider that as a circumstance in the event the Defendant elects not to take the stand."
In refusing the appellant's requested charge, the trial judge noted on the charge itself "covered substantially in court's opening instructions".
In Alabama there is no statute governing the time when the trial judge must instruct the jury. See Section 12-16-11, Code. As a matter of practice and tradition the oral charge is delivered after the closing arguments of the attorneys immediately before the jury begins its deliberations. We have been cited to no rule of law, procedure or case authority which directs that this is the only time a court may instruct the jury. The appellant has shown no actual prejudice by the action of the trial court. A major consideration in this matter is the fact that the trial itself was brief and was completed in one day. The evidence was not complicated nor the issues complex. At the close of the oral charge, defense counsel announced "satisfied".
Under these circumstances we think the appellant's written requested charge was fairly and adequately covered by the trial judge in his opening remarks to the jury. Therefore there was no error in the refusal of the requested charge.
We have searched the record for error and have found none. The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.