We granted the Defendant's Petition for Writ of Certiorari to review the Court of Criminal Appeals' affirmance of Defendant's conviction for robbery. Our review is limited to a "conflict" ground asserted in the petition pursuant to Rule 39, ARAP, relating to the propriety of the trial Court's refusing a requested written instruction to the jury.
The Appellant, after exercising his constitutional right not to testify in his own behalf, requested the following written charge:
 "I charge you, Members of the Jury, that the defendant, by a plea of not guilty, denied the charges against him, and does not have to prove a thing; that the failure of the defendant to testify cannot be used against him, and that no inference of guilt can be drawn therefrom, and the fact that he did not testify or present evidence in this cause shall not be considered by you against him or prejudice him in any way."[1]
Here, the Court of Criminal Appeals states that there was no injury to the Appellant as a result of the trial Court's refusal of the requested instruction, citing Turner v. State,29 Ala. App. 13, 191 So. 392, cert. denied (with opinion),238 Ala. 352, 191 So. 396 (1939). The conflict arises because the Court of Criminal Appeals in Swindle v. State, 50 Ala. App. 403,279 So.2d 574 (1973), held that a refusal to give requested instructions on the defendant's right not to take the stand and be a witness in his own behalf constitutes reversible error.
In Turner, the petitioner elected not to become a witness in his own behalf and requested a jury instruction relative thereto. The Court of Appeals applied Supreme Court Rule 45 (Rule 45, ARAP), which states:
 "No judgment may be reversed or set aside, nor new trial granted by any court *Page 311 
in this State in any case, on the grounds of misdirection of the jury, the giving or refusal of special charges . . . unless in the opinion of the court, it should appear that the error complained of has probably injuriously affected substantial rights of parties."
The Court interpreted the Rule to mean that the appellate court should determine whether the refusal probably caused injury affecting the substantial rights of the parties, holding that a refusal was not injurious per se. The Supreme Court of Alabama concluded that it could not review the findings of the Court of Appeals for error without injury unless there was a misapplication of the Rule. Finding no misapplication of the doctrine of error without injury under Rule 45, the Supreme Court denied the writ.
In Swindle v. State, supra, the Court of Criminal Appeals reversed the conviction for the refusal of Appellant's requested charge as follows:
 "The Court charges the jury that the fact that the Defendant did not testify in this case cannot be considered in determining the Defendant's guilt or innocence.
 "No inference or conclusion should be drawn by the jury from the fact that the Defendant, Thomas Swindle, was not sworn and put on the witness stand as a witness in his own behalf, nor should this fact have any weight with the jury in reaching a verdict." 50 Ala. App., at p. 404, 279 So.2d, at p. 575.
The Court noted that the defendant did not testify, the charge was not abstract under the evidence, and no other instruction, general or specific, referred to the right of the defendant not to take the stand.
In Salvadori v. State, 33 Ala. App. 372, 33 So.2d 752 (1948), the defendant alleged error in the refusal of the trial court to give the following written charge:
 "`The Court charges the Jury that the fact that the defendant did not testify in this case cannot be considered in determining the defendant's guilt or innocence.'" 33 Ala. App., at p. 373, 33 So.2d at p. 753.
In Salvadori, the Court of Appeals observed that there was no reference or explanation at all that the accused did not testify, citing a similar charge in Turner, which justified the refusal because it was error without injury. The Salvadori
Court further noted that the writ in Turner was denied because the Supreme Court was not privileged to review the findings of that court on the question of error without injury, unless the intermediate appellate court opinion disclosed some misapplication of the Rule.
The Salvadori Court also noted that in Alston v. State,248 Ala. 163, 26 So.2d 877 (1946), the Supreme Court justified the refusal because it was covered substantially in the trial court's oral charge. There, the Court stated that, unless Supreme Court Rule 45 can be applied to the action of the trial court, its ruling, refusing the subject charge, was reversible error. Salvadori did not overrule Turner, but distinguished it, finding probable injury when error is apparent.
The Appellant, here, also relies on Thomas v. State, 139 Ala. 80,36 So. 734 (1903). There, the defendant requested the court to charge the jury that "no inference or conclusion should be drawn by the jury from the fact that the defendant was not sworn and put on the stand as a witness in his own behalf, nor should this fact have any weight with the jury in reaching a verdict."
The Supreme Court in Thomas reversed, holding:
1) The charge in substance states the law applicable to the case;
2) It was a fact that the defendant failed to make the request to testify in the case and the charge should not be condemned as being abstract;
3) The charge cannot be condemned as being argumentative because it contained nothing more than the statement of an admitted fact and the law applicable under the statute.
The statute referred to in Thomas is presently codified in §12-21-220, Ala. Code 1975, which provides in pertinent part: *Page 312 
 ". . . the person on trial shall, at his own request, but not otherwise, be a competent witness, and his failure to make such a request shall not create any presumption against him nor be the subject of comment by counsel. . . ."
We find that there is, in fact, a "conflict" in the decisions of the Court of Criminal Appeals; and we reaffirm the rationale of Swindle v. State, supra. We hold that the trial Court's refusal to give the requested jury instructions in the present case constitutes reversible error.
In summary, then, we observe that it has long been the law of this State that the constitutional guarantee against self-incrimination (Art., § 6, Alabama Constitution 1901), as augmented by the above-referenced statute, renders the refusal of a requested jury instruction on the legal effect of an accused's exercise of that right reversible error. The "conflict" consists not in contrary holdings, but in the application of the "harmless error" rule in some cases and not in others. In other words, cases that have affirmed the conviction in face of the trial court's refusal to give the subject charge have done so admitting (or assuming) error. Indeed, the application of Rule 45, by its very terms, assumes error.
Our holding effectively eliminates the application of Rule 45 in the factual context of the instant case. Whether the constitutional right "not [to] be compelled to give evidence against himself" implicitly gives an accused the further right to have the jury instructed on the legal effect of his exercise of that right, we need not here decide. The legislative expression of the public policy emanating from that organic guarantee is clear; and this statutory right that "his failure to make [a request to testify] shall not create any presumption against him" is so inexorably tied to the fundamental right against self-incrimination as to defeat any application of the harmless error doctrine. Subjective analysis on a case-by-case basis, to determine whether such error has affected the substantial rights of the accused, has no field of operation where, as here, the denial of the requested instruction is tantamount to the denial of the fundamental right of the accused, as constitutionally and statutorily mandated, to elect not to testify.
For the Federal rule in accord with our holding, see Bruno v.United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939); see also, Lakeside v. Oregon, 435 U.S. 333, 98 S.Ct. 1091,55 L.Ed.2d 319 (1978) (affirming the Supreme Court of Oregon's holding that it was not reversible error to so instruct even over the defendant's objection).
REVERSED AND REMANDED.
All the Justices concur, except BLOODWORTH, J., not sitting.
[1] Defendant also requested a second charge which was substantially the same as the one here set out.