A jury found defendant-appellant guilty of grand larceny of a truck. The court fixed his punishment at imprisonment for five years and sentenced him accordingly.
A short summary of the evidence seems sufficient for a discussion and consideration of the contention of appellant that there was "no substantial evidence of a felonious taking."
The owner of the truck, Charles Houston, was the jailer of the DeKalb County Jail. Defendant and two other persons in custody in the jail, while in the process of escaping therefrom, locked Mr. Houston in a jail cell. They told him to empty his pockets. He complied by emptying his pockets of a billfold, his keys including the key to his truck, and some small change, which he placed where they told him to place them. While he was locked in the cell between fifteen and twenty minutes, the three prisoners escaped. Just as soon as he was released from the cell by the radio operator at the jail, Mr. Houston "checked" to see if the truck "was outside." His testimony continued as follows:
 "Q. What was the value of that truck at the time it was taken?
"A. $1,000.00.
"Q. When did you next see the truck?
"A. On Wednesday after the escape on Sunday.
"Q. Okay, and where was it when you saw it?
"A. Parked back here in the parking lot."
The evidence is not clear as to where defendant and the other escapees were captured, but defendant was captured and returned to jail within two or three days after the escape. The chief deputy sheriff asked him to show him where the truck was. Defendant went with the chief deputy sheriff on highway 35 East "near the Cherokee County line," then on a side road for several miles, and showed him the truck in the woods. The truck was then returned to the parking lot of the jail. There was testimony that some time after defendant was captured and returned to jail, he told Mr. Houston "Well, we figured we would be good enough to leave your truck, and not destroy it."
There was some undesirable vagueness about some of the testimony, but it was sufficient to constitute substantial evidence that defendant had participated principally, or as an aider and abettor, in the larceny of the truck. That there was no eyewitness testimony that defendant was ever in the truck does not force the conclusion that he did not participate in the taking of it from the parking lot at the jail *Page 1232 
and the asportation of it to woods near a side road where it was located. The loss of property by a felonious taking may be proved by facts and circumstances as well as by direct and positive evidence. If the evidence affords a reasonable inference that larceny has been committed and that the accused was a participant in the larceny, it is sufficient for a submission of the issue to the jury, which in turn determines whether the evidence is sufficient to prove defendant's guilt beyond a reasonable doubt. Copeland v. State, 57 Ala. App. 482,329 So.2d 171; Woods v. State, 57 Ala. App. 1, 325 So.2d 517, cert. denied, 295 Ala. 430, 325 So.2d 519.
In arguing the question of the sufficiency of the evidence, appellant emphasizes the short period of time between the taking of the truck and its return to the parking lot of the jail (approximately three days). A case similar in this respect, and in other respects, is Nolly v. State, 35 Ala. App. 79, 43 So.2d 841 (1950), in which defendant while confined to a jail overpowered an officer, took the officer's gun, and "broke and ran out of the hall." Defendant did not deny taking the pistol and keeping it two or three days and then delivering it to officers. The court said his claim that he was due the affirmative charge in his favor was "based primarily on the position that the essential element of intent or `animus furandi' is not established by the evidence and that the inferences therefrom are of not sufficient potency." The court held, as we do here, that the "scant delineation of the evidence which we have set out will serve to illustrate our view that the appellant was not due the general affirmative charge."
Appellant seeks to predicate error upon the refusal of the following written charge:
 "If you believe the Defendant took the vehicle with the intent to escape and to use it temporarily for that purpose, that is not a felony, and there would be no felonious intent and therefore, you could not convict."
Whether the particular offense of "escape" comes within the terms of the Code section making it a felony on the one hand, or within the language of the Code section making it a misdemeanor on the other hand, is irrelevant to the question whether one has the felonious intent, the "animus furandi," the intent to commit a larceny, within the process of making the escape. The charge was properly refused.
Another insistence of appellant is somewhat similar to the one just discussed. He complains that the court did not allow defendant to show that he had been convicted for a misdemeanor
of "escape," under Code of Alabama 1975, § 13-5-68. The particular section applies to all escapes or attempts to escape that are not covered by other sections of the Code. Bradford v.State, 146 Ala. 150, 41 So. 471 (1906). The proposed evidence would have been irrelevant and immaterial to any issue in the instant case.
The court refused the following charge requested by defendant:
 "Ladies and Gentlemen, I charge you that the Defendant has a right to testify in his own behalf or he has a right not to testify. The fact that he has not taken the stand is not a fact which should be considered or could be considered as evidence of his guilt."
The defendant did not take the stand. The trial court did not charge the jury on the subject of his failure to do so. The charge should have been given. Thomas v. State, 139 Ala. 80,84, 36 So. 734, 735 (1903); Salvadori v. State, 33 Ala. App. 372, 33 So.2d 752 (1948); Swindle v. State, 50 Ala. App. 403,279 So.2d 574 (1973); Perry v. State, Ala., 368 So.2d 310
(1979); White v. State, Ala.Cr.App., 382 So.2d 1186 (1980). In each of the cases cited the trial court was reversed for its refusal of a charge similar to the one now under consideration, though not word for word the same.
We do not agree with appellee's response to the effect that the charge is "elliptical." In illustrating his claim that the charge is elliptical, appellee says that it "does not refer to `defendant's' not taking *Page 1233 
the stand and `defendant's' guilt, but to `his' not taking the stand and `his' guilt." The substitution of the personal pronoun for its antecedent does not constitute an ellipsis.Harris v. State, Ala.Cr.App., 358 So.2d 482 (1978), cert. denied, Ala., 358 So.2d 487 is clearly distinguishable. In that case, it was held that there was an ellipsis in each of two charges, in that there was an omission of a noun as an antecedent of the personal pronoun "his." In the charge in the instant case, there is no omission of a noun as an antecedent of the personal pronoun "his." It is clear that the personal pronoun "he" and the personal pronoun "his" are referable to the "Defendant," the only person designated in the charge.
Appellee seeks to justify the refusal of the charge on the additional ground that it contains a "crossed-out" word. The reference is to the lining out of the word "the." The charge is in pen and ink handwriting. The lining out of the definite article is also by pen and ink. Notwithstanding the lining out, the word is clearly legible. We see no reasonable basis for concluding that the lining out of the word caused it to have any misleading tendencies.
The charge was on the subject of a highly important right of a defendant, which was not otherwise mentioned. Its refusal constitutes error prejudicial to defendant, and the judgment should be reversed and the cause remanded for that reason.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.