PATTERSON, Judge.
Appellant, George 0. Popwell, was indicted for the offense of burglary in the second degree, as proscribed by § 13A-7-6, Code of Alabama 1975. He was found guilty by a jury and was sentenced to 15 years’ imprisonment.
Although Popwell has raised 17 contentions, we need only address one, for this one issue warrants reversal. Popwell, who did not testify in his own behalf, contends that the trial court erred in refusing to give the following requested jury instruction:
“The Court charges the jury that under the Constitution of the United States of America and the Constitution of the State of Alabama the Defendant is not required to testify and that no inference or conclusion should be drawn by the jury from the fact that the Defendant did not testify nor should this fact have any weight with the jury in reaching a verdict.”
The court’s oral charge in no way referred to this rule of law.
In answer to this contention, the attorney general does not offer any discussion of its merit; instead, he argues that the issue was not preserved, for defense counsel objected to the court’s refusal prior to the court’s oral charge rather than after the charge. We find the attorney general's argument unpersuasive. Immediately pri- or to the parties’ closing arguments, the trial court called a recess. After this recess, the court asked for defense counsel’s “discussion.” Although the transcript of the proceedings does not directly reflect *13 any ruling on Popwell’s requested instructions, it is clear that the court ruled prior to defense counsel’s objections, for counsel directed each of his objections to the court’s “refusal” to give a particular charge. See also A.R.Crim.P.Temp. 14 (“[t]he court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury”). Moreover, the requested charge in question was marked “REFUSED” and signed by the trial court. In objecting to the court’s refusal to give the charge, defense counsel properly presented his objection, “stating the matter to which he objected] and the grounds of his objection,” id. We find that defense counsel’s objection was timely, for he objected “before the jury retire[d] to consider its verdict,” id., and when the trial court requested him to do so.
Finding that this issue was properly preserved for our review, we further find that the trial court’s refusal to give the requested charge constitutes reversible error. Our supreme court in Perry v. State, 368 So.2d 310 (Ala.1979), collected prior eases of the Alabama appellate courts that found error in the trial court’s failure to give a requested instruction on the legal effect of an accused’s exercise of his right against self-incrimination. As the Perry court determined, these decisions presented a “conflict” in the application of the “harmless error doctrine” of A.R.A.P. 45. In resolving the “conflict” by holding that the “harmless error doctrine” has no application, the Perry court stated:
“Subjective analysis on a case-by-case basis, to determine whether such error has affected the substantial rights of the accused, has no field of operation where, as here, the denial of the requested instruction is tantamount to the denial of the fundamental right of the accused, as constitutionally and statutorily mandated, to elect not to testify.”
368 So.2d at 312.
Among the cases discussed in Perry, we find Thomas v. State, 139 Ala. 80, 36 So. 734 (1903), to be particularly apropos. The Perry court characterized the Thomas opinion as follows:
“There, the defendant requested the court to charge the jury that ‘no inference or conclusion should be drawn by the jury from the fact that the defendant was not sworn and put on the stand as a witness in his own behalf, nor should this fact have any weight with the jury in reaching a verdict.’
“The Supreme Court in Thomas reversed, holding:
“1) The charge in substance states the law applicable to the case;
“2) It was a fact that the defendant failed to make the request to testify in the case and the charge should not be condemned as being abstract;
“3) The charge cannot be condemned as being argumentative because it contained nothing more than the statement of an admitted fact and the law applicable under the statute [presently codified in § 12-21-220, Code of Alabama 1975].”
368 So.2d at 311.
Based on the authority of Perry v. State and Thomas v. State, this cause is reversed and remanded. See also Townsend v. State, 500 So.2d 105 (Ala.Cr.App.1986); Jordan v. State, 392 So.2d 1230 (Ala.Cr. App.1980), cert. denied, 392 So.2d 1233 (Ala.1981); White v. State, 382 So.2d 1186 (Ala.Cr.App.1980). Our reversal on this sole issue should not be construed as an implied finding that the other issues raised by Popwell on appeal are without merit.
REVERSED AND REMANDED.
All Judges concur.